Jennifer M. Coughlin
Landye Bennett Blumstein LLP
701 West 8th Avenue, Suite 1100
Anchorage, AK 99501
Tel: (907) 276-5152
Facsimile: (907) 276-8433
jenniferc@lbblawyers.com
Attorneys for Defendants JELD-WEN, Inc. d/b/a
Pozzi Window Company; Roderick C. Wendt

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID G. FAULK, BONNIE J. FAULK,<br><br>Plaintiffs,<br><br>v.<br><br>JELD-WEN, INC. d/b/a POZZI WINDOW COMPANY; SPENARD BUILDERS SUPPLY, LLC; and RODERICK C. WENDT,<br><br>Defendants. | Case No. _____<br><br>Superior Court No. 3AN-22-06536CI |

**NOTICE OF REMOVAL OF STATE COURT ACTION
TO UNITED STATES DISTRICT COURT**

TO: THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA:

PLEASE TAKE NOTICE that Defendants JELD-WEN, Inc., a Delaware Corporation d/b/a Pozzi Window Company and Roderick C. Wendt (collectively "Defendants"), pursuant to the Class Action Fairness Act (hereinafter "CAFA"), 28 U.S.C. §§ 1332, 1441, 1446 and 1453, hereby remove to the United States District Court for the District of Alaska all claims and causes of action in the putative class action styled *David*

*G. Faulk, et al. v. JELD-WEN, Inc., et al,* Superior Court for the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-22-06536-CI (hereinafter "State Court Class Action lawsuit"). Defendants deny the allegations contained in the Complaint and the damages alleged therein and file this Notice of Removal without waiving any defense, exception or argument that may exist in their favor in state or federal court.

As grounds for removal, Defendants demonstrate as follows:

A. **STATEMENT OF COMMENCEMENT OF ACTION IN STATE COURT**

1. On June 3, 2022, Plaintiffs David G. Faulk, and Bonnie J. Faulk (hereinafter collectively "Plaintiffs") filed the State Court Class Action lawsuit. The Summons was issued by the Deputy Clerk of the Court on June 13, 2022. Defendant JELD-WEN, Inc., a Delaware Corporation d/b/a Pozzi Window Company (hereinafter "JELD-WEN") was served by Certified U.S. Mail with the Summons and Complaint on July 5, 2022. (Affidavit of Andrew M. Rink filed in support of this Notice of Removal ("Rink Affidavit"), ¶6). Defendant Roderick C. Wendt (hereinafter "Wendt") was served by Certified U.S. Mail with the Summons and Complaint on July 5, 2022. (Rink Affidavit, ¶7).

B. **PLEADINGS AND NOTICE TO STATE COURT**

2. True and correct copies of the Complaint and all other process and pleadings served upon Defendants in the State Court Class Action lawsuit are attached hereto as Exhibit 1. Pursuant to 28 U.S.C. § 1446(d), written Notice of this Removal is served on counsel for the representative Plaintiffs and filed with the Superior Court for the State of Alaska, Third Judicial District at Anchorage. A copy of that Notice is

*Faulk v. Jeld-Wen, Inc., et al*
NOTICE OF REMOVAL OF STATE COURT ACTION TO USDC   Page 2 of 8
Case 3:22-cv-00171-JMK   Document 1   Filed 07/21/22   Page 2 of 8

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

attached hereto as Exhibit 2.

**C. STATEMENT OF STATUTORY BASIS FOR JURISDICTION**

3. This action may be removed pursuant to 28 U.S.C. §1441 on the grounds that this Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). This case is a class action pursuant to 28 U.S.C. §1332(d)(1) and (2) in that the controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is between members of a class of plaintiffs where any of the plaintiffs are citizens of a state different from any of the defendants. This case may be removed to this court by Defendants pursuant to 28 U.S.C. §1453.

**The Required Minimal Diversity Exists Between the Parties**

4. Under the provisions of CAFA, specifically 28 U.S.C. § 1332(d)(2)(A), federal district courts have jurisdiction over class action litigation where "any member of a class of plaintiffs is a citizen of a State different from any defendant." Section 1332(c)(1) deems a corporation to be a citizen of the state in which it is incorporated and the state in which it operates its principal place of business. As set forth below, Defendants JELD-WIN and Wendt are both citizens of states which are different from Plaintiffs' state of citizenship.

5. Plaintiffs David G. Faulk and Bonnie J. Faulk are the representatives of the putative class. As alleged in the Complaint, at the time this action was commenced, Plaintiffs were citizens of the State of Alaska residing in the Municipality of Anchorage. (Complaint at ¶8).

6. Defendant JELD-WEN is a corporation organized under the laws of the

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

*Faulk v. Jeld-Wen, Inc., et al*
NOTICE OF REMOVAL OF STATE COURT ACTION TO USDC    Page 3 of 8
Case 3:22-cv-00171-JMK   Document 1   Filed 07/21/22   Page 3 of 8

State of Delaware with its principal place of business in the State of North Carolina. (Rink Affidavit, ¶4).

7. Defendant Wendt is currently a member of the Board of Directors of JELD-WEN and is a resident and citizen of the State of Oregon. (Rink Affidavit, ¶5).

**The Matter in Controversy Exceeds the Sum or Value of $5,000,000**

8. This action is within the original subject matter jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(d)(2)(A). This section vests federal district courts with original jurisdiction over a class action in which any putative class member is a citizen of a state different from any defendant, in which the number of putative class members is 100 or greater, and in which the amount in controversy exceeds $5,000,000, exclusive of interests and costs. *Id.* §§ 1332(d)(2)(A), (d)(5)(B). A class action may be removed to a federal district court whether any defendant is a citizen of the state in which the action is brought. *Id.* § 1453(b). Further, Defendants JELD-WEN and Wendt may remove without the consent of all defendants. *Id.* § 1453(b).

9. Plaintiffs allege a class size (including subclasses) "of **hundreds**, perhaps **thousands of persons** who reside in the Third Judicial District or any other district in Alaska." (Complaint at ¶31 (emphasis added)). As such, the allegations in the Complaint allege a class size 100 or greater.

10. As to the $5,000,000 damages requirement, Plaintiffs **individually** seek economic damages "due to the breach of express lifetime Warranty. . . not less the *(sic)* $1,000,000", the actual amount to be proven at trial, with estimated replacement cost "in the amount of $811,105". (Complaint at ¶45). These allegations suggest **minimum**
LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

*Faulk v. Jeld-Wen, Inc., et al*
NOTICE OF REMOVAL OF STATE COURT ACTION TO USDC     Page 4 of 8
Case 3:22-cv-00171-JMK   Document 1   Filed 07/21/22   Page 4 of 8

damages, based solely on the allegations in the Complaint, of $100,000,000 (100 class members x $1,000,000 in alleged damages).

## Class Action Allegations

11. For purposes of federal jurisdiction, a class action is any civil action filed under Fed. R. Civ. P. 23 or any "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). A class need not be certified prior to a federal court taking jurisdiction under § 1332(d)(2). *Id.* § 1332(d)(8).

12. Plaintiffs' Complaint alleges a common defect among windows manufactured by Defendant JELD-WEN alleging that the:

> "Pozzi windows were manufactured with defects including resins that did not contain enough UV absorber. Manufacturing windows with resins with low amounts of UV absorbers makes the glass weak and subject to UV deterioration, and the windows did and inevitably will fail as a result. The defects with Jeld-Wen windows including those related to the use of this resin are independent of installation issues and require replacement of the defective Pozzi windows."

(Complaint at ¶19).

13. Plaintiffs, individually, and as representatives of those "similarly situated," alleges that they "are owners in Alaska of commercial and residential structures with windows purchased from Pozzi from January 1, 1999 through December 31, 2010." (Complaint at ¶2). In addition, the Complaint defines two Subclasses under Alaska Civil Rule 23 as follows:

   a. Subclass A: End users in Alaska who purchased Pozzi windows from Spenard from January 1, 1999 to December 31, 2004 and, upon failure of the windows, Pozzi did not offer and complete installation of replacement

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

windows at no cost;

b. Subclass B: End users in Alaska who purchased Pozzi windows from Spenard from January 1, 1999 to December 31, 2004, upon failure of the windows, Pozzi offered but failed to complete installation of replacement windows at a discounted price or where Pozzi required the purchaser to pay labor and/or installation costs.

(Complaint at ¶28).

14. Plaintiffs, on behalf of themselves and those similarly situated, bring claims against Defendants for (1) Breach of Contract and Express Warranty, (2) Breach of Implied Warranty of Merchantability, (3) Breach of Implied Warranty of Fitness for a Particular Purpose, (4) Violation of Alaska Unlawful Trade Practices Act, (5) Unjust Enrichment, (6) Breach of the Implied Covenant to Act in Good Faith and Fair Dealing, and (7) Premised on Fraud and Misrepresentation.

**D. NOTICE OF REMOVAL IS TIMELY AND COMPLETE AND HAS BEEN PROPERLY SERVED**

15. Defendants first received notice of the State Court Action upon service of the Summons and Complaint on JELD-WEN's Registered Agent in the State of North Carolina on July 5, 2022. Therefore, this Notice of Removal is timely filed within thirty (30) days after service of the Complaint as required by 28 U.S.C. § 1446(b).

16. This Court has personal jurisdiction over the parties.

17. Written notice of the filing of this Notice of Removal has been filed in the State Court Action and will promptly be given to counsel of record for Plaintiffs and all adverse parties as required by 28 U.S.C. §1446(d).

18. Because Plaintiffs' Complaint was filed and is currently pending in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, this District

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a). The Anchorage division is the proper court location for this action upon removal because it is the same Alaska judicial district as the original state court action. 28 U.S.C. § 1446(a); Local Civil Rule 3-2.

19. The documents attached hereto as Exhibit 1 comprise all process, pleadings and orders served upon Defendants to date.

20. This notice is signed pursuant to Fed. R. Civ. P. 11.

21. By this Notice of Removal, Defendants JELD-WEN and Wendt do not waive any objections it may have as to jurisdiction, venue, or forum, or any other defenses, objections or arguments they may have to this action, and intend no admission of fact, law, or liability by this Notice and expressly reserve all defenses, objections, and arguments available to them.

**WHEREFORE**, Defendants hereby file this Notice of Removal and request that the State Court Action be removed therefrom to this Court to hear and determine the matters in this controversy.

Respectfully submitted this 21st day of July, 2022 at Anchorage, Alaska.

LANDYE BENNETT BLUMSTEIN LLP

By: *Jennifer M. Coughlin*
Jennifer M. Coughlin, Alaska Bar No. 9306015
Attorney for Defendants Jeld-Wen, Inc.

# CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that, on the date executed below, I served a true and correct copy of the following document on all parties in this action at the addresses set forth below:

Pleadings: **NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES DISTRICT COURT**

Parties and/or Counsel Served:

*Via Email and U.S. Mail:*
Charles G. Evans, Esq.
Nicholas I. Bajwa, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Phone: (907) 563-8844
Fax: (907) 563-7322
Email: cevans@jdolaw.com
nbajwa@jdolaw.com
*[Attorney for Plaintiffs for David G. and Bonnie J. Faulk]*

*Via Certified U.S. Mail, Return Receipt Requested:*
Spenard Builders Supply, LLC
c/o C T Corporation System
Registered Agent
9360 Glacier Hwy, Suite 202
Juneau, AK 99801

*Via Certified U.S. Mail, Return Receipt Requested:*
Spenard Builders Supply, LLC
Attention: Legal Department
2001 Bryan Street, Suite 1600
Dallas, TX 75201

DATED: July 21, 2022        */s/ Jennifer Coughlin*
                            JENNIFER COUGHLIN

*Faulk v. Jeld-Wen, Inc., et al*
NOTICE OF REMOVAL OF STATE COURT ACTION TO USDC        Page 8 of 8
Case 3:22-cv-00171-JMK   Document 1   Filed 07/21/22   Page 8 of 8