Jennifer Coughlin (AK Bar No. 9306015)
LANDYE BENNETT BLUMSTEIN, LLP
701 West 8th Avenue, Suite 1100
Anchorage, AK 99501
Telephone: (907) 276-5152
Facsimile: (907) 276-8433
jenniferc@lbblawyers.com

Richard N. Sieving (CA Bar No. 133634)
*Pro Hac Vice Application Pending*
THE SIEVING LAW FIRM, A.P.C.
1435 River Park Drive, Suite 415
Sacramento, CA 95815
Telephone: (916) 444-3366
Facsimile: (916) 444-1223
rsieving@sievinglawfirm.com

Attorneys for Defendants JELD-WEN, Inc. d/b/a Pozzi Window Company; Roderick C. Wendt

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID G. FAULK, BONNIE J. FAULK,<br><br>Plaintiffs,<br><br>v.<br><br>JELD-WEN, INC. d/b/a POZZI WINDOW COMPANY; SPENARD BUILDERS SUPPLY, LLC; and RODERICK C. WENDT,<br><br>Defendants. | Case No. 3:22-CV-00171-JMK<br><br>Hon. Joshua M. Kindred |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS JELD-WEN, INC. D/B/A POZZI WINDOW COMPANY AND RODERICK C. WENDT'S MOTION TO DISMISS COMPLAINT**

**[ORAL ARGUMENT REQUESTED]**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................... i

I. FACTUAL INTRODUCTION ..................................................................... 1

II. LEGAL STANDARD ................................................................................ 3

III. ARGUMENT ........................................................................................... 4

A. THE COMPLAINT IS DEVOID OF ANY SUBSTANTIVE ALLEGATIONS AGAINST DEFENDANT RODERICK C. WENDT ............... 4

B. PLAINTIFFS' CLAIMS FOR BREACH OF CONTRACT AND EXPRESS WARRANTY (COUNT I) ARE SUBJECT TO DISMISSAL ............................. 6

1. JELD-WEN Did Not Have a Contract With Plaintiffs ..................................... 6

2. Plaintiffs Acknowledge JELD-WEN's Compliance With its Warranty so the Breach of Express Warranty Claim Should Be Dismissed ..................... 7

3. The Breach of Express Warranty Claim is Untimely ...................................... 8

C. PLAINTIFFS' BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY (COUNT II) AND FITNESS FOR A PARTICULAR PURPOSE (COUNT III) FAIL ......................................................................... 9

1. JELD-WEN Expressly Disclaimed Liability for Implied Warranty Claims .... 9

2. Plaintiffs' Claims for Breach of Implied Warranty are Time-Barred ............ 11

D. PLAINTIFFS' UTPA CLAIM (COUNT IV) IS SUBJECT TO DISMISSAL ... 12

1. Plaintiffs' UTPA Claim is Untimely ............................................................ 12

2. The UTPA Allegations Do Not Comply with Fed. R. Civ. P. 9(b) ................ 13

E. PLAINTIFFS' UNJUST ENRICHMENT CLAIM (COUNT V) FAILS IS SUBJECT TO DISMISSAL ............................................................... 16

1. JELD-WEN's Express Warranty Governs This Dispute ................................ 16

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

**TABLE OF CONTENTS (cont.)**

2. Plaintiffs' Unjust Enrichment Claim is Untimely ....17

F. PLAINTIFFS' BREACH OF THE IMPLIED COVENANT TO ACT IN GOOD FAITH AND FAIR DEALING (COUNT VI) FAILS ....17

1. There Was No Contractual Relationship Between Plaintiffs and Defendants JELD-WEN or Wendt ....17

2. The Breach of Covenant Claim is Untimely ....19

G. PLAINTIFFS' CLAIMS PREMISED ON FRAUD AND MISREPRESENTATION (COUNT VII) ARE UNTENABLE ....19

1. Lack of Requisite Specificity ....19

2. The Fraud and Misrepresentation Claims are Time-Barred ....21

H. PLAINTIFFS' NON-CONTRACT CLAIMS ARE BARRED BY ALASKA'S ECONOMIC LOSS DOCTRINE ....22

IV. CONCLUSION ....24

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JELD-WEN AND WENDT'S MOTION TO DISMISS

Page ii of viii

## TABLE OF AUTHORITIES

**CASES** **Page(s)**

*Alaska Pac. Assur. Co. v. Collins* .................................................. 23-24
794 P.2d 936 (Alaska 1990)

*Alaska Sales & Serv., Inc. v. Millet* .................................................. 16
735 P.2d 743 (Alaska 1987)

*Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.* .................. 18-19
221 P.3d 977 (Alaska 2009)

*Armour v. Alaska Power Auth.* .................................................. 11
765 P.2d 1372 (Alaska 1988)

*Ashcroft v. Iqbal* .................................................. 3
556 U.S. 662 (2009)

*Bauman v. Day* .................................................. 21-22
892 P.2d 817 (Alaska 1995)

*Bell Atl. Corp. v. Twombly* .................................................. 3
550 U.S. 544 (2007)

*Bendix Home Sys. v. Jessop* .................................................. 10
644 P.2d 843 (Alaska 1982)

*Bly-Magee v. California* .................................................. 14
236 F.3d 1014 (9th Cir. 2001)

*Casey v. Semco Energy, Inc.* .................................................. 18, 19
92 P.3d 379 (Alaska 2004)

*Cipollone v. Liggett Group, Inc.* .................................................. 7
505 U.S. 504, 112 S. Ct. 2608, 120 L. Ed. 2d 407 (1992)

*City of Fairbanks v. Amoco Chem. Co.* .................................................. 21-22
952 P.2d 1173 (Alaska 1998)

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS

Page iii of viii

## TABLE OF AUTHORITIES (cont.)

**CASES** **Page(s)**

*Cooper v. Pickett* ....... 14
137 F.3d 616 (9th Cir. 1997)

*Decker v. GlenFed, Inc* ....... 21
42 F.3d 1541 (9th Cir. 1994)

*Elliott v. Brown* ....... 5
569 P.2d 1323 (Alaska 1997)

*Era Aviation, Inc. v. Seekins* ....... 18
973 P.2d 1137 (Alaska 1999)

*Gold Dust Mines, Inc. v. Little Squaw Gold Mining Co.* ....... 5
299 P.3d 148 (Alaska 2012)

*Grassi v. Int'l Comfort Prods., LLC* ....... 2
No. 1:15-cv-00253-JAM-JLT, 2015 U.S. Dist. LEXIS 107467, at *4 (E.D. Cal. Aug. 13, 2015)

*Griffin v. Green Tree Servicing, LLC* ....... 20
166 F. Supp. 3d 1030 (C.D. Cal. 2015)

*Haines v. Comfort Keepers, Inc.* ....... 16
393 P.3d 422 (Alaska 2017)

*In Re GlenFed, Inc. Sec. Litig.* ....... 14
42 F.3d 1541 (9th Cir. 1994)

*In re Stac Elecs, Sec. Litig.* ....... 19-20
89 F.3d 1399 (9th Cir. 1996)

*Indus. Commercial Elec., Inc. v. McLees* ....... 20
101 P.3d 593 (Alaska 2004)

*Jones v. Westbrook* ....... 12-13
379 P.3d 963 (Alaska 2016)

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS

Page iv of viii

## TABLE OF AUTHORITIES (cont.)

**CASES** **Page(s)**

*Kearns v. Ford Motor Co.* .......... 14
567 F.3d 1120 (9th Cir. 2009)

*Knarbel v. Heiner* .......... 16
663 P.2d 551 (Alaska 1983)

*L.D.G., Inc. v. Brown* .......... 5-6
211 P.3d 1110 (Alaska 2009)

*Lee v. City of L.A.* .......... 2
250 F.3d 668 (9th Cir. 2001)

*Merdes & Merdes, P.C. v. Leisnoi, Inc.* .......... 13-14
410 P.3d 398 (Alaska 2017)

*Miller v. Fowler* .......... 21-22
424 P.3d 306 (Alaska 2018)

*Moore v. Kayport Package Express, Inc.* .......... 14
885 F.2d 531 (9th Cir. 1989)

*Moorman Mfg. Co. v. Nat'l Tank Co.* .......... 23-24
435 N.E.2d 443 (Ill. 1982)

*Nicdao v. Chase Home Fin.* .......... 3-4
839 F. Supp. 2d 1051 (D. Alaska 2012)

*Northern Trust Co. v. VIII South Mich. Assocs.* .......... 17
276 Ill. App. 3d 355, 657 N.E.2d 1095, 212 Ill. Dec.750 (Ill. App. 1995)

*Parrish v. Arvest Bank* .......... 19-20
717 F. App'x 756 (10th Cir. 2017)

*Pister v. State, Dep't of Revenue* .......... 5
354 P.3d 357 (Alaska 2015)

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page v of viii

TABLE OF AUTHORITIES (cont.)

**CASES** **Page(s)**

*Pyramid Printing Co. v. Alaska State Comm'n for Human Rights* .................................5
153 P.3d 994 (Alaska 2007)

*Ramsey v. City of Sand Point* ....................................................................................18, 19
936 P.2d 126 (Alaska 1997)

*Sharrow v. Archer* ..........................................................................................................21
658 P.2d 1331 (Alaska 1983)

*Smith v. State* ..........................................................................................................17, 19
282 P.3d 300 (Alaska 2012)

*State v. Tyonek Timber, Inc.* ..........................................................................................23
680 P.2d 1148 (Alaska 1984)

*Stormont v. Astoria Ltd.* .................................................................................................11
889 P.2d 1059 (Alaska 1995)

*Swartz v. KPMG LLP* ................................................................................................20, 21
476 F.3d 756 (9th Cir. 2007)

*TD Ameritrade, Inc. v. Matthews* ................................................................................2, 4
No. 16-136, 2018 WL 3451463 (D. Alaska July 16, 2018)

*Throckmorton v. BP Am.* ............................................................................................. 3-4
No. 12-5434, 2012 U.S. App. LEXIS 26941 (6th Cir. Nov. 13, 2012)

*Uchitel Co. v. Tel. Co.* ................................................................................................. 5-6
646 P.2d 229 (Alaska 1982)

*United Airlines v. Good Taste, Inc.* ...............................................................................17
982 P.2d 1259 (Alaska 1999)

*Vess v. Ciba-Geigy Corp. USA* ............................................................................ 14, 20-21
317 F.3d 1097 (9th Cir. 2003)

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS

Page vi of viii

## TABLE OF AUTHORITIES (cont.)

**RULES AND STATUTES** **Page(s)**

**Alaska Statutes**

AS 09.10.053 ....................17, 19

AS 09.10.070 ....................21

AS 09.10.100 ....................17, 19

AS 45.02.314 ....................9

AS 45.02.314(a) ....................10

AS 45.02.316 ....................10

AS 45.02.725(a) ....................9, 11, 12

AS 45.02.725(b) ....................8, 11

AS 45.50.471-561 Alaska Unfair Trade Practices and Consumer Protection Act (UTPA) ....................12

AS 45.50.471 ....................12, 13, 16

AS 45.50.471(a) ....................13

AS 45.50.471(b)(12) ....................15, 19

AS 45.50.531(a) ....................16

AS 45.50.531(f) ....................12

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 9(b) ....................12, 14, 20

Fed. R. Civ. P. 12(b)(6) ....................1, 3

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS

Page vii of viii

## TABLE OF AUTHORITIES (cont.)

**RULES AND STATUTES** **Page(s)**

**Uniform Commercial Code**

UCC § 2-316 ....................................................................................................11

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page viii of viii

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants JELD-WEN, Inc., a Delaware Corporation d/b/a Pozzi Window Company (hereinafter "JELD-WEN") and Roderick C. Wendt (collectively "Defendants") hereby submit this Memorandum in support of their Motion to Dismiss the Class Action Complaint (Dkt. 1-1) filed by Plaintiffs David G. Faulk and Bonnie J. Faulk, individually and as class representatives (collectively "Plaintiffs").

## I. **FACTUAL INTRODUCTION**

The Complaint alleges that in 1999, Plaintiffs purchased from Defendant Spenard Builders Supply, LLC (hereinafter "Spenard") Pozzi brand windows manufactured by JELD-WEN. Complaint (Dkt. 1-1) at ¶ 39. Plaintiffs assert that the Pozzi windows contained an inherently defective resin which necessitated replacement of the glass components in the windows. *Id.* ¶¶ 3 and 19. As alleged in the Complaint, this condition makes the window glass "weak and subject to UV deterioration, and the windows did, and eventually will fail as a result." *Id.* at ¶ 19.

Notably, Plaintiffs also allege that the Pozzi windows were purchased from Spenard in 1999 and were provided with a "lifetime warranty against defects including the cost of installation." *Id.* at ¶ 39. Finally, Plaintiffs admit that "Jeld-Wen initially ratified and confirmed by its acts and statements the lifetime warranty extended to Plaintiffs, that is Pozzi replaced and installed windows in the residence that failed and occluded the view outside at no costs." *Id.* at ¶ 40.

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 1 of 24

Importantly, the warranty referenced by Plaintiffs was <u>not</u> a lifetime warranty but instead was a Limited Warranty which contains specific remedies, limitations and disclaimers. A true and correct copy of the Pozzi Limited Warranty is attached as Exhibit "A"[1] to the Affidavit of Andrew M. Rink (hereinafter "Rink Affidavit") filed and served concurrently herewith. This Limited Warranty was the only warranty provided by JELD-WEN related to Plaintiffs' windows.

As it relates to Plaintiffs' claims of glass failure, the Limited Warranty allows for 10/20 year coverage. The Limited Warranty expressly provides that JELD-WEN will (1) repair, (2) replace or (3) refund the purchase price for defective windows or components during the first ten (10) years from the date of manufacture and further provides a specific pro-rated credit for purchase of replacement glass units for years eleven (11) through twenty (20). (Rink Affidavit, Ex. A at p. 1).

The Limited Warranty also contains conspicuous and unambiguous limitations and disclaimers of damages or liability beyond the warranty terms as well as disclaimers of implied warranties of merchantability and fitness for a particular use. *Id.* at p. 2.

[1] The Court may properly take judicial notice of the Limited Warranty, even though it was not attached to the Complaint, because it is central to the Complaint and is referred to therein. *TD Ameritrade, Inc. v. Matthews*, No. 16-136, 2018 WL 3451463, at *1 (D. Alaska July 16, 2018); see also *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) ("If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity ... is not contested and the plaintiff's complaint necessarily relies on them.") (internal quotation marks and citation omitted); *Grassi v. Int'l Comfort Prods., LLC,* No. 1:15-cv-00253-JAM-JLT, 2015 U.S. Dist. LEXIS 107467, at *4 (E.D. Cal. Aug. 13, 2015) (taking judicial notice of express warranty referenced in the complaint).

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 2 of 24

Taken as a whole, the allegations in the Complaint, in conjunction with the terms of the Limited Warranty, confirm that:

(1) JELD-WEN complied with its obligations pursuant to the terms of the applicable Limited Warranty;

(2) Plaintiffs' alleged damages are limited to economic losses which are expressly disclaimed by the Limited Warranty (Complaint (Dkt. 1-1) at ¶ 5);

(3) Plaintiffs' claims are barred by the applicable statutes of limitations; and

(4) JELD-WEN's obligations to Plaintiffs terminated when the Limited Warranty expired.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) provides "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: ... (6) failure to state a claim upon which relief can be granted[.]" To successfully withstand a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff's factual allegations are generally taken as true, neither "labels and conclusions" nor "'naked assertions' devoid of 'further factual enhancement'" will suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555 and 557). A complaint "must contain sufficient allegations of **underlying facts** to give fair notice and to enable the opposing party to defend itself

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

effectively." *Nicdao v. Chase Home Fin.*, 839 F. Supp. 2d 1051, 1062 (D. Alaska 2012) (emphasis added) (citation omitted); see also*, e.g., Throckmorton v. BP Am.*, No. 12-5434, 2012 U.S. App. LEXIS 26941 (6th Cir. Nov. 13, 2012) (affirming dismissal of *pro se* complaint for failure to state a claim for breach of contract and "theft, fraud and malice," where plaintiff sought compensation for an idea allegedly submitted to BP).

In deciding this Motion, the Court may consider the facts alleged in the Complaint, documents attached as exhibits or incorporated by reference in the Complaint, and matters of which the Court may take judicial notice. *TD Ameritrade, Inc. v. Matthews*, No. 16-136, 2018 WL 3451463, at *1 (D. Alaska July 16, 2018).

## III. ARGUMENT

### A. THE COMPLAINT IS DEVOID OF ANY SUBSTANTIVE ALLEGATIONS AGAINST DEFENDANT RODERICK C. WENDT

As an initial matter, the Complaint lacks any substantive allegations against Defendant Roderick C. Wendt (hereinafter "Wendt"). The only allegations against Wendt are legal conclusions without any supporting facts. The legal conclusions include an assertion that: "as a controlling owner, officer and director of Pozzi Window Company, Roderick C. Wendt is responsible and liable for the acts of Pozzi Window Company asserted in this class action" Complaint (Dkt. 1-1) at ¶ 2; "Roderick C. Wendt at all relevant times was an owner, officer and director of Jeld-Wen" *Id.* at ¶ 10; and "Roderick C. Wendt approved the schemes alleged in paragraphs 17 through 26 and is personally liable for the actions of Jeld-Wen alleged in this complaint" *Id.* at ¶ 26. Based on the those conclusory allegations, Plaintiffs have named Wendt in their claims for

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 4 of 24

Violation of Alaska Unlawful Trade Practices Act (Count IV), Breach of Covenant of Good Faith and Fair Dealing (Count VI) and Fraud and Misrepresentation (Count VIII).

The Complaint is devoid of even a single fact suggesting how or why Wendt could potentially be responsible for Plaintiffs' claims. There are no allegations of improper corporate form, nothing alleging facts supporting the piercing of the corporate veil much less any alleged conduct by Wendt which could potentially result in personal liability. Generally, "courts seek to recognize and uphold 'the principles that the corporation exists as a separate legal entity and that owner liability for the debts of the corporation is limited.'" *L.D.G., Inc. v. Brown*, 211 P.3d 1110, 1125 (Alaska 2009) (quoting *Pyramid Printing Co. v. Alaska State Comm'n for Human Rights*, 153 P.3d 994, 1000 (Alaska 2007)).

The corporate veil should only be pierced in exceptional circumstances "the corporate veil, however may be pierced 'if the corporate form is used to defeat public convenience, justify wrong, commit fraud, or defend crime' -- a misconduct standard." *Pister v. State, Dep't of Revenue*, 354 P.3d 357, 364 (Alaska 2015); see also *L.D.G., Inc. v. Brown*, 211 P.3d 1110, 1125 (Alaska 2009) (quoting *Elliott v. Brown*, 569 P.2d 1323, 1326 (Alaska 1997)). "[T]he primary consideration in determining whether to pierce the corporate veil is whether the corporate form has been abused by the person sought to be charged." *Pister v. State, Dep't of Revenue*, 354 P.3d 357 n.36 (Alaska 2015) (quoting *Gold Dust Mines, Inc. v. Little Squaw Gold Mining Co.*, 299 P.3d 148, 169 (Alaska 2012). In addition, the court has made it so that the corporate veil may be pierced if a

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 5 of 24

"Corporation is nothing more than a 'mere instrument' of the shareholder", of which there are six factors to evaluate the imposition of personal liability on the shareholder. *L.D.G., supra,* at 1125 (quoting *Uchitel Co. v. Tel. Co.*, 646 P.2d 229, 235 (Alaska 1982)). The Court states that the six factors are:

> "[to] ask whether (a) the shareholder sought to be charged owns all or most of the stock of the corporation; (b) the shareholder has subscribed to all of the capital stock of the corporation or otherwise caused its incorporation; (c) the corporation has grossly inadequate capital; (d) the shareholder uses the property of the corporation as his own; (e) the directors or executives of the corporation act independently in the interest of the corporation or simply take their orders from the shareholder in the latter's interest; and (f) the formal legal requirements of the corporation are observed."

*Id.* at 1125-26 (quoting *Uchitel Co* at 236). Putting aside that JELD-WEN is a publicly traded corporation (NYSE: JELD), Plaintiffs have not pled that the corporate veil should be pierced or that Wendt was using JELD-WEN as a mere instrument supporting any of the above six factors. For those reasons alone, as well as for the reasons argued below by JELD-WEN, Wendt's Motion to Dismiss should be granted.

### B. PLAINTIFFS' CLAIMS FOR BREACH OF CONTRACT AND EXPRESS WARRANTY (COUNT I) ARE SUBJECT TO DISMISSAL

#### 1. <u>JELD-WEN Did Not Have a Contract With Plaintiffs</u>

As alleged in the Complaint, Plaintiffs purchased the Pozzi windows in 1999 from Defendant Spenard. Complaint (Dkt. 1-1) at ¶ 39. The windows were not purchased directly from JELD-WEN. Thus, there is admittedly no privity of contract between Plaintiffs and JELD-WEN. Plaintiffs do not allege privity of contract with

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 6 of 24

JELD-WEN. Given the absence of any allegations of a contract between Plaintiffs and JELD-WEN, the breach of contract claim against JELD-WEN must be dismissed.

**2. Plaintiffs Acknowledge JELD-WEN's Compliance With its Warranty so the Breach of Express Warranty Claim Should Be Dismissed**

"A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty. Accordingly, the 'requirements' imposed by an express warranty claim are not 'imposed under State law,' but rather imposed by the warrantor." *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 525, 112 S. Ct. 2608, 120 L. Ed. 2d 407 (1992). Plaintiffs do not allege what provisions of the express Limited Warranty were breached by JELD-WEN. Further, the allegations in ¶¶ 41 and 42 of the Complaint confirm that JELD-WEN complied with the terms of its express Limited Warranty:

> "41. During the continued incremental failure of individual windows or several windows and in response to demands of Plaintiffs to replace of all Pozzi windows, Pozzi took the position it would replace windows but only after the failure of a particular specific window.
>
> 42. About 2016, Pozzi, in response to the demands of Plaintiffs, changed its position requiring Plaintiffs to pay a portion of the significantly "discounted" costs for replacement windows. ..." Complaint (Dkt. 1-1) at ¶¶ 41-42.

In addition to providing for specific remedies to purchasers of Pozzi windows, the operative Limited Warranty contains a comprehensive limitation of liability. Rink Affidavit, Ex. A at p. 2. The limitation of liability provides, in bold and unambiguous language that:

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 7 of 24

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

> **"THIS WARRANTY SETS FORTH POZZI WINDOW COMPANY'S MAXIMUM LIABILITY FOR ITS PRODUCTS. POZZI WINDOW COMPANY SHALL NOT BE LIABLE FOR SPECIAL, INDIRECT, CONSEQUENTIAL OR INCIDENTAL DAMAGES. YOUR EXCLUSIVE REMEDY WITH RESPECT TO ANY AND ALL LOSSES OR DAMAGES RESULTING FROM ANY CAUSE WHATSOEVER SHALL BE AS SPECIFIED ABOVE. POZZI WINDOW COMPANY SHALL IN NO EVENT BE LIABLE FOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES OF ANY KIND, HOWEVER OCCASIONED, WHETHER BY NEGLIGENCE OR OTHERWISE. POZZI WINDOW COMPANY MAKES NO OTHER WARRANTY OR GUARANTEE, EITHER EXPRESS OR IMPLIED, INCLUDING IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE TO THE ORIGINAL PURCHASER OR TO ANY SUBSEQUENT USER OF THE PRODUCT, EXCEPT AS EXPRESSLY CONTAINED HEREIN. THE REMEDIES CONTAINED HEREIN SHALL BE SOLE AND EXCLUSIVE. ..."**
> (Rink Affidavit, Ex. A at p. 2).

Simply put, Plaintiffs allege breach of an express "lifetime warranty" when the only warranty applicable to the Pozzi windows was the Limited Warranty attached as Exhibit "A" to the Rink Affidavit. A manufacturer's liability for breach of express warranty is premised upon a failure to comply with the express warranty. Plaintiffs' Complaint admits that Pozzi provided replacement glass pursuant to the terms of its Limited Warranty. Complaint (Dkt. 1-1) at ¶¶ 40-42. Therefore, Plaintiffs' breach of express warranty claim is not viable.

**3. <u>The Breach of Express Warranty Claim is Untimely</u>**

Under Alaska law, claims for breach of express warranty accrue at the time "when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach" and "[a] breach of warranty occurs when tender of delivery is made..." AS 45.02.725(b).

Plaintiffs' express warranty commenced in 1999, when Plaintiffs purchased the Pozzi windows from Defendant Spenard. Complaint (Dkt. 1-1) at ¶ 39. At the latest, the breach of express warranty cause of action accrued in 2016 when " Pozzi, in response to the demands of Plaintiffs, changed its position requiring Plaintiffs to pay a portion of the significantly "discounted" costs for replacement windows." Complaint (Dkt. 1-1) at ¶ 42. The applicable statute of limitations is four (4) years. AS 45.02.725(a). This action was not filed until June 3, 2022. As such, the breach of express warranty claim is untimely.

### C. PLAINTIFFS' BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY (COUNT II) AND FITNESS FOR A PARTICULAR PURPOSE (COUNT III) FAIL

Plaintiffs' claims for breach of implied warranty fail because: (1) these claims were effectively and legally disclaimed by the Limited Warranty; and (2) such claims are time-barred.

#### 1. <u>JELD-WEN Expressly Disclaimed Liability for Implied Warranty Claims</u>

Plaintiffs' claims for breaches of the Implied Warranties of Merchantability (Count II) and Fitness for a Particular Purpose (Count III) fail because Pozzi expressly disclaimed those warranties in its Limited Warranty. Under Alaska law, the implied warranty of merchantability requires that goods sold by merchant "be fit for the ordinary purposes for which the goods are used" and "conform to the promises or affirmations of fact made on the container or label". AS 45.02.314. Plaintiffs allege that the Pozzi windows "were not as promised, and were not suitable to be as windows." Complaint

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 9 of 24

(Dkt. 1-1) at ¶ 49. Plaintiffs do not plead how the windows were not suitable and do not allege how JELD-WEN failed to comply with its Limited Warranty. Plaintiffs vaguely reference defective resin in the Pozzi windows but do not allege how that resin makes the windows unusable as such.

Importantly, AS 45.02.314(a) provides in part that "(u)nless excluded or modified (AS 45.02.316), a warrant that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." *See also Bendix Home Sys. V. Jessop*, 644 P.2d 843, n.5 (Alaska 1982). Disclaimers of the implied warranty of merchantability must specifically mention the word merchantability in the disclaimer itself, whereas disclaimers of the implied warranty of fitness need only make clear that "[t]here are no warranties which extend beyond" what is set forth in the Limited Warranty. *See* AS 45.02.316(b).

Application of these principles compels dismissal of the implied warranty claims. In the first paragraph of its "Limitation of Liability" section, Pozzi's Limited Warranty **expressly** and **conspicuously** disclaimed all implied warranties, including the implied warranties of merchantability and fitness for a particular purpose. AS 45.02.316. Specifically, the operative JELD-WEN Limited Warranty states as follows

> "...**POZZI WINDOW COMPANY MAKES NO OTHER WARRANTY OR GUARANTEE, EITHER EXPRESS OR IMPLIED, INCLUDING IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE TO THE ORIGINAL PURCHASER OR TO ANY SUBSEQUENT USER OF THE PRODUCT, EXCEPT AS EXPRESSLY CONTAINED HEREIN**..." (Rink Affidavit, Ex. A at p. 2).

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 10 of 24

Because the disclaimer is set forth in bold, all-capital letters and expressly disclaims implied warranties of either merchantability or fitness for a particular purpose, there can be no dispute that the disclaimer satisfies the requirements of Alaska law. *Stormont v. Astoria Ltd.*, 889 P.2d 1059 n.4 (Alaska 1995) (citing UCC § 2-316 as how it interprets the meaning of the word "conspicuous").

**2. <u>Plaintiffs' Claims for Breach of Implied Warranty are Time-Barred.</u>**

Even if the Court were to determine that the warranty disclaimers are unenforceable, Plaintiffs' claims for breach of implied warranty fail because the statute of limitations expired long ago. Implied warranty claims are subject to a four-year statute of limitations. AS 45.02.725(a). Plaintiffs' implied warranty claims would be time-barred even if Pozzi had not properly disclaimed any implied warranties.

Under Alaska law, claims for breach of implied warranty accrue at the time "when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach" and "[a] breach of warranty occurs when tender of delivery is made." AS 45.02.725(b); *see also Armour v. Alaska Power Auth.*, 765 P.2d 1372, 1372 (Alaska 1988) (The court determined under § 45.02.725(b) a breach of an implied warranty begins to accrue when the seller tenders the defective goods to the buyer). As such, the implied warranty claims accrued in 1999.

As with the express warranty claims, Plaintiffs' implied warranty claims accrued no later than 2016 when JELD-WEN informed Plaintiffs that the express Limited

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 11 of 24

Warranty required them to pay a portion of the significantly "discounted" costs for replacement glass components. Complaint (Dkt. 1-1) at ¶¶ 39-42. Plaintiffs' Complaint was not filed until approximately six (6) years later on June 3, 2022. This filing falls far outside the four-year period to commence an action under AS 45.02.725(a). Thus, Plaintiffs' claims for breach of implied warranties fail and must be dismissed.

### D. PLAINTIFFS' UTPA CLAIM (COUNT IV) IS SUBJECT TO DISMISSAL

Plaintiffs' claim against JELD-WEN and Wendt under the Alaska Unfair Trade Practices and Consumer Protection Act (UTPA), AS 45.50.471-561, should be dismissed because: (1) it is untimely; and (2) Plaintiffs have not pled an unfair or deceptive act or practice with the specificity required under Fed. R. Civ. P. 9(b).

#### 1. Plaintiffs' UTPA Claim is Untimely

The Alaska UTPA expressly states that "[a] person may not commence an action under this section more than two years after the person discovers or reasonably should have discovered that the loss resulted from an act or practice declared unlawful by AS 45.50.471." AS 45.50.531(f). As the court held in *Jones v. Westbrook*, 379 P.3d 963, 969-70 (Alaska 2016):

> The UTPA provides that '[a] person who suffers an ascertainable loss of money or property' as a result of an unlawful act as defined by AS 45.50.471 may bring a civil action for recovery. **Such actions are governed by a two-year statute of limitations, which begins to run 'after the person discovers or reasonably should have discovered that the loss resulted from an act or practice declared unlawful by AS 45.50.471.'** The statute of limitations begins to run once the injury is discovered or reasonably discoverable, regardless of whether the plaintiff knows that the defendant's conduct was illegal. However, as noted above, the statute of limitations may be tolled by the discovery rule until 'the

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 12 of 24

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

Case 3:22-cv-00171-JMK Document 7 Filed 07/28/22 Page 21 of 34

plaintiff has information sufficient to alert a reasonable person to the fact that he has a potential cause of action.'

(emphasis added, citations omitted).

Plaintiffs filed this action on June 3, 2022 and assert that "[a]ny statute of limitations on the contract and fraud claims of Plaintiffs, commence no earlier than July 31, 2020." Complaint (Dkt. 1-1) at ¶ 44. Plaintiffs purchased the Pozzi windows from Spenard in 1999 with delivery and installation in 2000 and 2001. Complaint (Dkt. 1-1) at ¶ 39. Plaintiffs allege that "[t]he causes of action alleged in the Complaint accrued upon discovery of the defective nature of the windows and the refusal of Jeld-Wen to replace the defective windows." Complaint (Dkt. 1-1) at ¶ 6. Although no specific dates were pled, Plaintiffs allege "failure" of the JELD-WEN windows between 1999 (date of sale) and 2016 (the date when JELD-WEN informed Plaintiffs that the Limited Warranty required payment for replacement glass components). Complaint (Dkt. 1-1) at ¶¶ 39-42. Using the latest 2016 date as the date of actual discovery of a loss resulting from an allegedly unlawful act under AS 45.50.471, any action under the UTPA must have been filed by 2018. For this reason, Plaintiffs' claim for breach of the UTPA is time-barred and must be dismissed.

### 2. **The UPTA Allegations Do Not Comply with Fed. R. Civ. P. 9(b)**

The UTPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce[.]" AS 45.50.471(a). To establish "a prima facie case of unfair or deceptive acts or practices under the UTPA[,]" a plaintiff must prove two elements: "(1) that the defendant is engaged in trade or commerce; and

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 13 of 24

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

(2) that in the conduct of trade or commerce, an unfair act or practice has occurred." *Merdes & Merdes, P.C. v. Leisnoi, Inc.*, 410 P.3d 398, 410 (Alaska 2017) (citation and internal quotation marks omitted). The UTPA is a "remedial statute [and] its language should be liberally construed." *Id.* at 411.

The pleading requirements of Fed. R. Civ. P. 9(b) apply to any state or federal law which sounds in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Fed. R. Civ. P. 9(b) provides that in alleging fraud "a party must state with particularity the circumstances constituting fraud." A pleading is sufficient under Fed. R. Civ. P. 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations "and not just deny that they have done anything wrong." *Kearns,* 567 F.3d at 1124-25 (9th Cir. 2009); *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). The plaintiff must set forth what is false or misleading about a statement and why it is false. *In Re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Claims of fraud must be "accompanied by 'the who, what, when, where, and how' of the misconduct alleged." *Kearns*, 567 F.3d at 1124 (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "Any averments which do not meet the standard [of Rule 9(b)] should be 'disregarded' or 'stripped' from the claim ...." *Kearns*, 567 F.3d at 1124 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003)).

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 14 of 24

The Alaska UTPA, subsection (b)(12), describes an example of an unlawful act as:

> "[U]sing or employing deception, **fraud**, false pretense, false promise, **misrepresentation**, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived or damaged." AS 45.50.471(b)(12) (emphasis added).

As discussed in more detail in Section III(G)(1) below regarding Plaintiffs' claims for Fraud and Misrepresentation (Count VII), Plaintiffs' allegations of false and misleading statements fall far short of the required pleading standard. For this reason alone, Plaintiffs' claim for breach of the UTPA is subject to dismissal. Plaintiffs' allegations fail to demonstrate that they are entitled to monetary or injunctive relief under the UTPA for several additional reasons.

Plaintiffs allege that:

> "60. Jeld-Wen committed a deceptive, misleading, and unfair trade practice by supplying Pozzi windows that were not suitable for residential or commercial use but were subject to inevitable failure; not disclosing the inherent defects of the Pozzi windows to consumers upon learning of the defective resin or other defects; not fully compensating consumers who own Pozzi windows for all damages incurred in replacing such windows.
>
> 61. Plaintiffs and the Class suffered an ascertainable loss of money or property, real or personal, as a result of Jeld-Wen's unlawful conduct. In particular, Plaintiffs and the Class were damaged by Jeld-Wen's deceptive and unfair practices in that they paid for Pozzi windows that were inherently defective; not being fully informed of the inherent defect of the Pozzi windows; and not being fully compensated for damages arising from replacing the Pozzi windows." Complaint (Dkt. 1-1) at ¶¶ 60-61.

Between 1999 and 2016, JELD-WEN complied with its obligations under the terms of its express Limited Warranty. Complaint (Dkt. 1-1) at ¶¶ 40-42. An action for

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 15 of 24

monetary relief under the UTPA may also only be maintained by a plaintiff who has "suffer[ed] an ascertainable loss of money or property as a result of another person's act or practice declared unlawful by AS 45.50.471 ..." AS 45.50.531(a). Plaintiffs have not suffered an ascertainable loss of money or property as a result of JELD-WEN's sale of the windows for installation in the subject property. For this reason alone, Plaintiffs' claim for breach of the UTPA is subject to dismissal.

### E. PLAINTIFFS' UNJUST ENRICHMENT CLAIM (COUNT V) IS SUBJECT TO DISMISSAL

#### 1. <u>JELD-WEN's Express Warranty Governs This Dispute</u>

Plaintiffs' unjust enrichment claim is also barred in light of the Limited Warranty that defines the relationship of the parties in this case. (Rink Affidavit, Ex. A). "Unjust enrichment" is not a cause of action but a prerequisite to recovery under the doctrine of restitution. *Haines v. Comfort Keepers, Inc.*, 393 P.3d 422, 428 (Alaska 2017) (citing *Alaska Sales & Serv., Inc. v. Millet*, 735 P.2d 743, 746 (Alaska 1987)). Restitution, an equitable remedy is available only when there is no other adequate remedy of law. *Id*. (citing *Knarbel v. Heiner*, 663 P.2d 551, 553 (Alaska 1983)).

Here, Plaintiffs allege a claim for breach of express warranty (Count I), thereby acknowledging the existence of an express contract that governs the relationship between the parties. "JELD-WEN initially on at least three separate occasions ... confirmed ... warranty extended to Plaintiffs. ...") Complaint (Dkt. 1-1) at ¶ 40. Plaintiffs do not allege any conduct by JELD-WEN which falls outside the scope of the warranty remedies. (*Generally id.*) Because the Limited Warranty covers the same subject matter

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 16 of 24

as the express warranty claim (the sale of the alleged defective windows), Plaintiffs' unjust enrichment claim should be dismissed.

### 2. Plaintiffs' Unjust Enrichment Claim is Untimely

Unjust enrichment is normally a remedy based on a legal claim for breach of contract, and would therefore be governed by the three year statute of limitations applicable to contract claims. AS 09.10.053. However, in no event can Plaintiffs pursue a claim for any theory once the ten year statute of limitations set forth in AS 09.10.100 has run. "The 'catch-all' statute of limitation, AS 09.10.100, establishes a ten year limitation period for any action not otherwise provided for." *Smith v. State,* 282 P.3d 300 n.12 (Alaska 2012). JELD-WEN sold the subject windows when Plaintiffs purchased them from Spenard in 1999. Complaint (Dkt. 1-1) at ¶ 39. Thus, even if there was a valid unjust enrichment claim, Plaintiffs' claim is time-barred and is subject to dismissal, regarding of whether a three year or a ten year statute of limitations applies.

## F. PLAINTIFFS' BREACH OF THE IMPLIED COVENANT TO ACT IN GOOD FAITH AND FAIR DEALING (COUNT VI) FAILS

### 1. There Was No Contractual Relationship Between Plaintiffs and Defendants JELD-WEN and Wendt

The Supreme Court of Alaska has stated that the "implied terms [of covenant of good faith and fair dealing] cannot modify the express terms of the contract. *United Airlines v. Good Taste, Inc.*, 982 P.2d 1259, 1263 (Alaska 1999) (citing *Northern Trust Co. v. VIII South Mich. Assocs.*, 276 Ill. App. 3d 355, 657 N.E.2d 1095, 1104, 212 Ill. Dec.750 (Ill. App. 1995)). JELD-WEN's Limited Warranty provided for remedies

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 17 of 24

addressing any component part defects. After year 10, the Limited Warranty provided for a pro-rated credit by which the owner could purchase replacement parts at a discount. (Rink Affidavit, Ex. A at p. 1). The purpose of the implied covenant of good faith is to effectuate the reasonable expectations of the parties involved, not to add to them. *Casey v. Semco Energy, Inc.*, 92 P.3d 379, 385 (citing *Era Aviation, Inc. v. Seekins*, 973 P.2d 1137, 1141 (Alaska 1999)). The covenant "cannot be interpreted to prohibit what is expressly permitted". *Id.* (quoting *Ramsey v. City of Sand Point*, 936 P.2d 126, 133 (Alaska 1997)). The Limited Warranty explicitly states that its remedies shall be the sole remedy for any issues. (Rink Affidavit, Ex. A at p. 2). By Plaintiffs' own admission, JELD-WEN complied with the Limited Warranty Terms and provided Plaintiffs with the remedies to which they were entitled. Complaint (Dkt. 1-1) at ¶¶ 40-42. Therefore, Plaintiffs' claim for breach of the implied covenant to act in good faith and fair dealing is barred as a consequence of Plaintiffs' own allegations.

There was no direct contract between Plaintiffs and JELD-WEN (or Wendt) in that the Pozzi windows which are the subject of this litigation were sold through an independent dealer. Complaint (Dkt. 1-1) at ¶ 39. Without a contractual relationship between Plaintiffs and JELD-WEN or Wendt, there can be no breach of the warranty of good faith and fair dealing. The covenant of good faith and fair dealing is implied in every contract in order to effectuate the reasonable expectations of the parties to the agreement. *Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.*, 221 P.3d

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 18 of 24

977, 992 (Alaska 2009) (citing *Ramsey v. City of Sand Point*, 936 P.2d 126, 133 (Alaska 1997); see also *Casey v. Semco Energy, Inc.,* 92 P.3d 379, 384 (Alaska 2004).

**2. The Breach of Covenant Claim is Untimely**

As discussed above, the covenant of good faith and fair dealing is implied in contracts, and claims for its breach would therefore be governed by the three year statute of limitations applicable to contracts. AS 09.10.053. However, even under the worst case scenario, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is time-barred by AS 09.10.100 as well. As the Alaska Supreme Court has stated: "The 'catch-all' statute of limitation, AS 09.10.100, establishes a ten year limitation period for any action not otherwise provided for." *Smith v. State,* 282 P.3d 300 n.12 (Alaska 2012). Thus, even if there was an alleged breach of the implied covenant by JELD-WEN and if the Court ignores the three year statute of limitations applicable to contract claims, Plaintiffs' claim is still time-barred and subject to dismissal.

**G. PLAINTIFFS' CLAIMS PREMISED ON FRAUD AND MISREPRESENTATION (COUNT VII) ARE UNTENABLE**

Since Plaintiffs' claim for breach of the UTPA is based on fraud and misrepresentation under AS 45.50.471(b)(12), Defendants incorporate by reference Section III(D) as though fully set forth herein.

**1. Lack of Requisite Specificity**

It is well established that there is "[a] stricter pleading standard applies to ... fraud claims," which must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). *Parrish v. Arvest Bank*, 717 F. App'x 756,760 (10th Cir. 2017); *In re Stac Elecs, Sec.*

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 19 of 24

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Litig.*, 89 F.3d 1399, 1404-05 (9th Cir. 1996). Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud." *Id.* (citation omitted). This rule requires that there be specificity as to what was misrepresented and what fraud towards the Plaintiffs was committed. Specifically, "fraud allegations must include the 'time, place and specific content of the false representation as well as the identities of the parties to the misrepresentations. *Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1056 (C.D. Cal. 2015) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)). Plaintiffs do not allege dates when the alleged fraud and/or misrepresentation took place; nor do Plaintiffs describe with any specificity the place or the mode of communication through which the alleged fraud and/or misrepresentation took place.

Plaintiffs fail to plead the most basic elements of fraud and misrepresentation. According to the Alaska Supreme Court these elements are: "[t]o prove fraudulent inducement a party 'must show that [:] (1) there was a misrepresentation; (2) the misrepresentation was fraudulent; (3) the misrepresentation induced [the party] to enter into the contract; and (4) [the party's] reliance on the misrepresentation was justified." *Indus. Commercial Elec., Inc. v. McLees*, 101 P.3d 593, 599 (Alaska 2004). At a minimum, elements (2) and (3) are entirely absent from the Complaint and element (4) is not pled with any requisite specificity. For these reasons, Plaintiffs cause of action as to alleged fraud and or misrepresentation should be dismissed by this Court.

Furthermore, to alleged fraud and or misrepresentation there are additional requirements that include "the who, what, when where and how of the misconduct

charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiffs do not specify a "who", other than alleging the company as a whole. However, fraud and or misrepresentation require specific allegation of who the representative was that caused the alleged fraud and or misrepresentation. None of the elements have been pled with specificity. In fraud cases, Plaintiffs "must set forth what is false or misleading about a statement and why it is false." *Decker v. GlenFed, Inc*., 42 F.3d 1541, 1548 (9th Cir. 1994). The allegations of fraud "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged." (*Swartz, supra,* at 764). Plaintiffs are alleging fraud and misrepresentation without the requisite specificity.

**2. <u>The Fraud and Misrepresentation Claims are Time-Barred</u>**

It has been well established under Alaska law that claims for fraud and misrepresentation are tort claims, and "thus are subject to the two year statute of limitations provided in AS 09.10.070." *Bauman v. Day*, 892 P.2d 817, 825 (Alaska 1995) (citing *Sharrow v. Archer*, 658 P.2d 1331, 1333 n.3 (Alaska 1983)). In a recent case the Supreme Court Alaska stated: "In the context of claims alleging common law fraud and misrepresentation, we have held that a plaintiff need not have 'actual knowledge of the scienter' for the claim to accrue. Rather, the defrauded individual need only be on inquiry notice of a misrepresentation, not that the misrepresentation was intended." *Miller v. Fowler*, 424 P.3d 306, 311-12 (Alaska 2018) (citing *Bauman v. Day*, 892 P.2d 817, 826 n.13 (Alaska 1995); *City of Fairbanks v. Amoco Chem. Co.*, 952 P.2d 1173,

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

1179 (Alaska 1998)). Based on this and the statement of the Plaintiffs stating, "in response to demands of Plaintiffs to replace [all of the] Pozzi Windows, Pozzi took the position it would replace windows but only after the failure of a particular specific window." (Complaint (Dkt. 1-1) at ¶ 41). In addition, Plaintiffs allege in ¶ 42, that Pozzi/JELD-WEN changed its policy in 2016. Thus, at the very latest, Plaintiffs were aware of the alleged fraud in 2016. The statute of limitation has expired and Plaintiffs' claims premised on fraud and misrepresentation are time-barred.

Further, as with Plaintiffs' other claims, the Limited Warranty expressly disclaims any liability for "losses or damages resulting from any loss whatsoever." Rink Affidavit, Ex. A at p. 2.

Finally, the fraud and misrepresentation claims are barred by Alaska's economic loss doctrine. See Section III(H) below.

**H. PLAINTIFFS' NON-CONTRACT CLAIMS ARE BARRED BY ALASKA'S ECONOMIC LOSS DOCTRINE**

Plaintiffs assert that, because of a failure of the glass component in the windows, they have lost the entire value of their windows, and/or have been forced to replace their windows at a significant cost, and/or have suffered other forms of economic loss as a result of JELD-WEN's design, distribution, sale and active concealment of its manufacturing defects in connection with the windows. Complaint (Dkt. 1-1) at ¶ 5. In addition, Plaintiffs assert that they notified JELD-WEN of its breach of implied

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 22 of 24

warranty of merchantability within a reasonable time after Plaintiffs discovered, or should have discovered, the breach and as a result of JELD-WEN's breach.

Plaintiffs have alleged only economic damages related to the costs of replacing windows or charges for the costs of replacement windows or installation costs thereof. Complaint (Dkt. 1-1) at ¶ 50. Finally, Plaintiffs assert that as a result of JELD-WEN's conduct, they have suffered economic damages related to the costs of replacing the defective windows or the costs for discounted windows or the installation costs thereof. Complaint (Dkt. 1-1) at ¶ 55. What Plaintiffs have not alleged is that the defective glass components have caused damage to anything other than the windows manufactured by JELD-WEN.

Under Alaska law, Plaintiffs cannot jump over the lines of contractual privity to assert tort or non-contract claims directly against JELD-WEN and Wendt. Plaintiffs admittedly did not contract directly with JELD-WEN (or Wendt) for the purchase of the Pozzi windows which were used in the construction of their residence. Complaint (Dkt. 1-1) at ¶ 39. Because Plaintiffs seek only economic damages, their non-contract claims against JELD-WEN (and Wendt) are barred by Alaska's economic loss doctrine.

Alaska's economic loss doctrine divides tort claims from contract claims and bars a plaintiff from pursuing negligence-type tort claims where only economic damages are at issue. *State v. Tyonek Timber, Inc.*, 680 P.2d 1148, 1154 (Alaska 1984) ("We have already concluded that plaintiff, in this case, has suffered solely economic loss. Consequently, it cannot recover damages under a negligence theory." (quoting *Moorman*

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 451-52 (Ill. 1982))); see also *Alaska Pac. Assur. Co. v. Collins*, 794 P.2d 936, 949 (Alaska 1990) (recognizing that "[p]romises set forth in a contract must be enforced by an action on that contract"). Plaintiffs assert non-contract claims against JELD-WEN (and Wendt) for economic losses. Each of those claims is subject to dismissal.

## IV. CONCLUSION

For the foregoing reasons, Defendants JELD-WEN and Wendt respectfully request that the Court grant the instant motion and dismiss Plaintiffs' Complaint, with prejudice.

Respectfully submitted this 28th day of July 2022.

LANDYE BENNETT BLUMSTEIN, LLP

By: */s/ Jennifer Coughlin*
Jennifer Coughlin (AK Bar No. 9306015)

Richard N. Sieving (CA Bar No. 133634)
*Pro Hac Vice Application Pending*
THE SIEVING LAW FIRM, A.P.C.

Attorneys for Defendants JELD-WEN, Inc. d/b/a Pozzi Window Company; Roderick C. Wendt

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

*Faulk v. JELD-WEN, Inc., et al.*, Case No. 3:22-cv-00171-JMK
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JELD-WEN AND WENDT'S MOTION TO DISMISS
Page 24 of 24

LANDYE BENNETT BLUMSTEIN, LLP
701 WEST 8TH AVENUE, SUITE 1100
ANCHORAGE, AK 99501
TELEPHONE: (907) 276-5152, FACSIMILE: (907) 276-8433

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that, on the date executed below, I served a true and correct copy of the following document on all parties in this action at the addresses set forth below:

Pleadings: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS JELD-WEN, INC. D/B/A POZZI WINDOW COMPANY AND RODERICK C. WENDT'S MOTION TO DISMISS COMPLAINT**

Parties and/or Counsel Served:

***Via CM/ECF:***
Charles G. Evans, Esq.
Nicholas I. Bajwa, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Phone: (907) 563-8844
Fax: (907) 563-7322
Email: cevans@jdolaw.com
nbajwa@jdolaw.com
*[Attorney for Plaintiffs for David G. and Bonnie J. Faulk]*

***Via First Class U.S. Mail:***
Spenard Builders Supply, LLC
c/o C T Corporation System
Registered Agent
9360 Glacier Hwy, Suite 202
Juneau, AK 99801

***Via First Class U.S. Mail:***
Spenard Builders Supply, LLC
Attention: Legal Department
2001 Bryan Street, Suite 1600
Dallas, TX 75201

DATED: July 28, 2022

*/s/ Jennifer Coughlin*
JENNIFER COUGHLIN