Charles G. Evans, Esq.
Nicholas I. Bajwa, Esq.
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone:  (907) 563-8844
Facsimile:   (907) 563-7322
cevans@jdolaw.com
nbajwa@jdolaw.com
Attorneys for Plaintiffs David G. and Bonnie J. Faulk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| DAVID G. FAULK, BONNIE J. FAULK,<br>　　　　　　　Plaintiffs,<br>v.<br>JELD-WEN, INC. d/b/a POZZI WINDOW COMPANY;  SPENARD BUILDERS SUPPLY, LLC; and RODERICK C. WENDT,<br>　　　　　　　Defendants. | Case No. 3:22-CV-00171-JMK<br>Hon. Joshua M. Kindred |

**PLAINTIFFS' REPLY TO SPENARD BUILDERS SUPPLY, LLC'S OPPOSITION TO MOTION TO REMAND**

**[ORAL ARGUMENT REQUESTED]**

The Plaintiffs' submit this reply to Defendant Spenard Builders Supply, LLC's ("Spenard") Opposition to Plaintiffs' Motion to Remand ("Opposition"). The Plaintiffs incorporate their response in the reply to the Jeld-Wen Opposition. Spenard provides the additional argument that remand is not proper pursuant to 28 USCA § 1332(d)(4) because it erroneously asserts that the class fails to meet the requirement that 2/3 of the members reside in the State of Alaska. Because the plain language of the complaint limits the class to Alaska residents, Spenard's argument is without merit.

The local controversy exception under 28 USCA § 1332(d)(4) is intended to respond to concerns that "class actions with a truly local focus should not be moved to federal court

{01303310} Reply to SBS Opposition to Motion to Remand　　　　　　　　　　　　　　　Page **1** of **4**
Faulk v. Jeld-Wen, Inc., et al.　　　　　　　　　　　　　　　　　　　　　　　　　3:22-CV-00171-JMK
Case 3:22-cv-00171-JMK   Document 25   Filed 09/19/22   Page 1 of 4

under this legislation because state courts have a strong interest in adjudicating such disputes."[1] Because this controversy includes an express limitation in the Complaint to Alaska residents, the conjecture of Spenard regarding hypothetical out of state plaintiffs is wholly irrelevant.

The Defendants correctly assert that the determination of whether 28 USCA § 1332(d)(4) should apply is based on the Complaint only. The Complaint alleges in Paragraph 2 that "[t]his is a proposed class action brought by Plaintiffs on behalf of themselves and others, as defined more fully herein, who are owners in Alaska of commercial and residential structures." Paragraph 9 further states that "Plaintiffs are residents of the Third Judicial District of Alaska…" Paragraph 31 states that the class "consists of hundreds, perhaps thousands of persons who reside in the Third Judicial District or any other District in Alaska."

These limitations on the class are clearly set forth in the Complaint and Plaintiffs affirm that the class is limited to only Alaska residents. If Plaintiffs intended to expand the class to out of state residents, one can imagine that Spenard would similarly object to the expansion beyond the plain language of the Complaint. Plaintiffs are asking for nothing more than a reading of the Complaint, which clearly complies with the local controversy exception requirements. As set forth in the Complaint, all potential class members are citizens of the State of Alaska. A pure inference regarding the citizenship of prospective class members may be sufficient if the class is defined as limited to citizens of the state in question.[2] In *Mondragon*, the Court noted that plaintiff "could have limited the class by defining it to consist only of California citizens…"[3] Plaintiffs are clear in the underlying Complaint that the class is limited to Alaska citizens, so no further evidence is required in order to meet this threshold element.

*Stewart v. Entergy Corporation*, 35 F.4th 930 (5th Cir. 2022) is instructive as it outlines that we must "review the allegations set out in Plaintiffs' petition at the time of

---

[1] *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243-44 (10th Cir. 2009).
[2] *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 882 (9th Cir. 2013).
[3] *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 885 (9th Cir. 2013).

{01303310} Reply to SBS Opposition to Motion to Remand  Page **2** of **4**
Faulkey v. Jeld-Wen, Inc. et al.  3:22-CV-00171-JMK
Case 3:22-cv-00171-JMK   Document 25   Filed 09/19/22   Page 2 of 4

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

removal." *Id*. at 932 (citing *Arbuckle Mountain Ranch, Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 341 (5th Cir. 2016). The *Stewart* petition was expressly brought "on behalf of all residents of the East Bank of Jefferson Parish and all residents of Orleans Parish." Id. The Defendant in *Stewart* tried to allege a broader reading of the potential class because Entergy providers "services to 3 million customers in 4 states." *Id*. at 933. The Court concluded, that this interpretation "is belied by a plain reading of the petition." *Id.*

At this stage of the class action, the Court further noted that the evidentiary standard for establishing domicile of more than 100 plaintiffs must be based on practicality and reasonableness. *Id*. As a practical matter, Plaintiffs can only allege that the class consists of Alaska residents who purchased Jeld-Wen windows through Spenard.

For the aforementioned reasons, this Court lacks jurisdiction over this case and it should be remanded to the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

Dated this 19th day of September 2022.

                        JERMAIN, DUNNAGAN & OWENS, P.C.
                        Attorneys for Plaintiffs David G. and Bonnie J. Faulk

                        By */s/ Charles G. Evans*
                        Charles G. Evans - ABA No. 7705019
                        Nicholas I. Bajwa – ABA No. 0705015

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{01303310} Reply to SBS Opposition to Motion to Remand
Faulk v. Jeld-Wen, Inc. et al.
Page **3** of **4**
3:22-CV-00171-JMK

Case 3:22-cv-00171-JMK   Document 25   Filed 09/19/22   Page 3 of 4

Certificate of Service
I certify that a true and correct copy of the foregoing was served on counsel of record on the filing date hereof via the Court's CM/ECF electronic filing notice.

Jennifer Coughlin
jenniferc@lbblawyers.com
Richard N. Sieving (pro hac vice)
rsieving@sievinglawfirm.com
Attorneys for Defendants JELD-WEN, Inc. d/b/a Pozzi Window Company; Roderick C. Wendt

Rebecca A. Lindemann
James S. Nolan
rlindemann@richmondquinn.com
jnolan@richmondquinn.com
Attorney for Spenard Builders Supply, LLC

/s/ Anita Rustad
Jermain, Dunnagan & Owens, PC

{01303310} Reply to SBS Opposition to Motion to Remand
Faulk v Jeld-Wen, Inc. et al.
Page **4** of **4**
3:22-CV-00171-JMK

Case 3:22-cv-00171-JMK   Document 25   Filed 09/19/22   Page 4 of 4