IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID G. FAULK, and BONNIE J. FAULK,<br><br>                Plaintiffs,<br><br>vs.<br><br>JELD-WEN, INC., d/b/a Pozzi Window Company; SPENARD BUILDERS SUPPLY, LLC; and RODERICK C. WENDT,<br><br>                Defendants. | Case No. 3:22-cv-00171-JMK<br><br>**ORDER DENYING<br>MOTION TO REMAND** |

Pending before the Court at Docket 15 is Plaintiffs David and Bonnie Faulk's Motion to Remand (the "Motion"). Defendants JELD-WEN, Inc. ("JELD-WEN") and Roderick C. Wendt filed an opposition at Docket 20, to which Plaintiffs replied at Docket 21. Defendant Spenard Builders Supply, LLC ("Spenard") filed an opposition at Docket 23, to which Plaintiffs replied at Docket 25. The Court heard oral argument on the Motion on November 9, 2022.[1] For the following reasons, Plaintiffs' Motion is DENIED.

---

[1] Docket 27 (text entry).

## I. BACKGROUND

Plaintiffs filed this putative class action in state court on June 3, 2022.[2] Plaintiffs propose a class of individuals "who are owners in Alaska of commercial and residential structures with windows purchased from Pozzi from January 1, 1999 through December 31, 2010"[3] and bring claims arising out of the distribution of allegedly defective windows that were designed, manufactured, marketed, and sold by Pozzi Window Company, a division of JELD-WEN.[4] On July 21, 2022, JELD-WEN and Roderick Wendt removed the action to this Court, alleging that this case falls under the Court's diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA").[5] On July 28, 2022, JELD-WEN and Roderick Wendt moved to dismiss this action.[6] On August 15, 2022, Plaintiffs filed the present motion, arguing that the local controversy exception to the CAFA applies and requires this Court to decline jurisdiction.[7] Thereafter, the Court issued an Order holding the Motion to Dismiss in abeyance pending the resolution of Plaintiffs' Motion to Remand.[8]

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, any civil action brought in a state court may be removed to federal district court by the defendants if the federal district court has

---

[2] Docket 1-1.
[3] *Id.* at 3.
[4] *Id.* at 6–18.
[5] Docket 1 at 3–6.
[6] Docket 6.
[7] Docket 15.
[8] Docket 19.

*Faulk v Jeld-Wen, Inc. et al.*  Case No. 3:22-CV-00171-JMK
Order Denying Plaintiffs' Motion to Remand  Page 2
Case 3:22-cv-00171-JMK   Document 29   Filed 01/12/23   Page 2 of 15

original jurisdiction over the action.[9] Under CAFA, federal courts have jurisdiction over class actions where (1) the aggregate amount in controversy exceeds $5,000,000; (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (3) there are at least 100 class members in the aggregate.[10] The removing party bears the burden of establishing federal jurisdiction under CAFA.[11]

Once federal jurisdiction has been established, the party seeking remand bears the burden of showing that an exception to CAFA applies.[12] Under the local controversy exception to CAFA jurisdiction, federal courts must decline to exercise jurisdiction:

> (i) over a class action in which—
>
> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant
>
> (aa) from whom significant relief is sought by members of the plaintiff class;
>
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>
> (cc) who is a citizen of the State in which the action was originally filed; and

---

[9] 28 U.S.C. § 1441(a).
[10] 28 U.S.C. § 1332(d)(2), (5)(B); *see also* *Brinkley v. Monterey Fin. Servs., Inc.,* 873 F.3d 1118, 1121 (9th Cir. 2017).
[11] *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).
[12] *Id.*

*Faulk v Jeld-Wen, Inc. et al.*     Case No. 3:22-CV-00171-JMK
Order Denying Plaintiffs' Motion to Remand     Page 3
Case 3:22-cv-00171-JMK    Document 29    Filed 01/12/23    Page 3 of 15

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.][13]

The Ninth Circuit has recognized that "the local controversy exception' is a narrow one"[14] because "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."[15] As such, "no antiremoval presumption attends cases invoking CAFA."[16]

### III. DISCUSSION

**A. The Court has Jurisdiction under CAFA**

The parties agree that minimal diversity exists here because Plaintiffs are citizens of Alaska, defendant JELD-WEN is a Delaware corporation with its principal place of business in North Carolina, and defendant Roderick Wendt is a citizen of Oregon.[17] Further, there is no dispute that the Complaint contemplates a class of more than 100

---

[13] 28 U.S.C. § 1332(d)(4)(A).
[14] *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015).
[15] *Bridewell-Sledge v. Blue Cross of California,* 798 F.3d 923, 929 (9th Cir. 2015) (quoting *Allen v. Boeing Co.*, 784 F.3d 625, 633 (9th Cir. 2015)).
[16] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (noting that the district court "had *some* notion that removal under CAFA should be met with a level of skepticism and resistance. That was incorrect.").
[17] Docket 1-3 at 2–3; Docket 21 at 2; Docket 23 at 3; *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices") (quoting *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005)).

*Faulk v Jeld-Wen, Inc. et al.*                               Case No. 3:22-CV-00171-JMK
Order Denying Plaintiffs' Motion to Remand                               Page 4
Case 3:22-cv-00171-JMK    Document 29    Filed 01/12/23    Page 4 of 15

members.[18] There initially was some dispute surrounding the amount in controversy requirement. In their reply to JELD-WEN and Roderick Wendt's Opposition, Plaintiffs stated that they "do not concede to the logic that the amount in controversy exceeds $5,000,000."[19] Plaintiffs argue that they have alleged actual damages of $811,105 and discovery will be necessary to determine the extent of the other class members' damages.[20] However, at oral argument, Plaintiffs conceded that this case met the amount in controversy requirement and that the sole issue remaining was the applicability of the local controversy exception.[21] As such, the Court finds that Defendants have met their burden of showing that original jurisdiction exists under 28 U.S.C. § 1332(d)(2).

**B.      This Case Does Not Fall Within the Local Controversy Exception to CAFA**

Under CAFA's local controversy exception, a "'district court *shall* decline to exercise jurisdiction' over a class action in which the plaintiff class and at least one defendant meet certain characteristics that essentially make the case a local controversy."[22] The local controversy exception is "intended to 'identify a controversy that uniquely affects a particular locality' and to ensure that it is decided by a state rather than a federal court."[23] Plaintiffs assert that the local controversy applies in the instant case because

---

[18] Docket 1-1 at 9; Docket 20 at 6; Docket 21 at 2.
[19] Docket 21 at 2.
[20] *Id.*
[21] Docket 28 at 6:7–10 (Oral Argument Tr.) ("I guess from the broader perspective of where we stand, we can concede the $5 million, because I think the applicability of section D is what controls").
[22] *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)(4)).
[23] *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010) (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163–64 (11th Cir. 2006)).

(1) all of the proposed class members are citizens of Alaska; (2) Defendant Spenard is a citizen of Alaska and is a defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims in the Complaint; and (3) all injuries were incurred in the State of Alaska because the Complaint "expressly limits the proposed class to plaintiffs who are the owners of 'Alaska commercial and residential structures.'"[24] At oral argument, Defendants conceded that Plaintiffs had met their burden of establishing that (1) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of Alaska[25] and (2) at least one defendant, Spenard, is a citizen of Alaska.[26] The parties also agree that no similar class actions were filed in the three-year period preceding the filing of the instant action.[27] Therefore, three issues remain for the Court to address—whether (1) Spenard is a defendant from whom significant relief is sought; (2) Spenard is a defendant whose alleged conduct forms a significant basis of the claims in the Complaint; and (3) the principal injuries resulting from the conduct of each defendant were incurred in Alaska.

**(1)    Significant relief**

Federal courts "may analyze only the allegations in the complaint to determine whether plaintiffs seek 'significant relief' from an in-state defendant and whether the in-state defendant's 'alleged conduct forms a significant basis for the claims

---

[24] Docket 15-1 at 3–7.
[25] Docket 28 at 8:6–12; see also Docket 20 at 8 (providing that the two-thirds "element appears to have been met by the class definition in the Complaint.").
[26] Docket 28 at 8:13–18; see also Docket 20 at 6.
[27] See Docket 20 at 9 n.1.

asserted.'"[28] To determine if plaintiffs claim significant relief from an in-state defendant, courts look to the remedies requested by the plaintiffs in the Complaint.[29] The local controversy exception does not require that plaintiffs specify the division of damages between defendants.[30]

In *Coleman v. Estes Express Lines, Inc.*, the Ninth Circuit found that the plaintiffs sought significant relief from the in-state defendant where the plaintiffs alleged that both the in-state defendant and the out-of-state defendant violated California law and sought damages equally from both of them.[31] In *Benko v. Quality Loan Services Corp.*, the Ninth Circuit held that claims for general damages, punitive damages as a result of deceptive trade practices and fraud, and equitable relief were "sufficient to show that the Plaintiffs claim 'significant relief' from a local defendant."[32] Here, Plaintiffs seek actual and consequential damages,[33] treble damages,[34] and "punitive damages based upon fraud, deceit, and/or misrepresentation"[35] from Spenard. Although Plaintiffs do not appear to seek relief from all three defendants equally[36] and the exact amount of damages Spenard

---

[28] *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015).
[29] *Id.* at 1119.
[30] *Allen v. Boeing Co.*, 821 F.3d 1111, 1119 (9th Cir. 2016).
[31] 631 F.3d 1010, 1020 (9th Cir. 2011).
[32] 789 F.3d 1111, 1119 (9th Cir. 2015).
[33] Docket 1-1 at 14, 16.
[34] *Id.* at 14.
[35] *Id.* at 17.
[36] In the "Prayer for Relief" section of the Complaint, Plaintiffs seek an award of "actual and/or statutory damages, reimbursement, restitution and disgorgement against Jeld-wen, Spenard, and Roderick C., jointly and severally, in an amount to be proven at trial." Docket 1-1 at 18. Although it is unclear, this statement does not seem to suggest that Plaintiffs are seeking equal damages from each defendant because specific types of damages are requested after each count in the Complaint, only three of which involve allegations implicating Spenard.

*Faulk v Jeld-Wen, Inc. et al.* Case No. 3:22-CV-00171-JMK
Order Denying Plaintiffs' Motion to Remand Page 7
Case 3:22-cv-00171-JMK   Document 29   Filed 01/12/23   Page 7 of 15

may be liable for is unknown, there is nothing to suggest that the damages sought from Spenard are insignificant.[37] Accordingly, as in *Benko*, the Court finds that Plaintiffs' complaint seeks significant relief from Spenard.[38]

### (2) Significant basis

To determine if the in-state defendant's alleged conduct forms a significant basis for the claims asserted by the plaintiff, courts compare the allegations against the in-state defendant to the allegation made against other, non-local defendants.[39] Here, there are no facts alleged in the Complaint upon which the Court can conclude that Spenard is a significant defendant.[40] Plaintiffs' Complaint focuses almost exclusively on the conduct of the two non-local defendants, JELD-WEN and Roderick Wendt.[41] Spenard is not mentioned in the "Introduction" or "General Allegations" sections of the Complaint and is named in only three of the seven counts alleged.[42] In contrast, JELD-WEN is named in all seven counts in the Complaint.[43] The few allegations that mention Spenard aver that "Spenard held itself out to the public as an authorized dealership, distributor, and agent of . . . Jeld-Wen and sold Pozzi Windows to the Plaintiffs and Class Members in the State of Alaska"[44]; "Jeld-Wen and Spenard breached its [sic] obligations to act in good faith and

---

[37] *See Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1020 (9th Cir. 2011).
[38] *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1119 (9th Cir. 2015).
[39] *Id.*
[40] *See R.A. by & Through Altes v. Amazon.com, Inc.*, 406 F. Supp. 3d 827, 833 (C.D. Cal. 2019) (finding a plaintiff had not alleged that the local defendant formed a significant basis of the claims at tissue when "plaintiff's complaint contains relatively few allegations that address A2z Development specifically.").
[41] *See generally* Docket 1-1.
[42] *See* Docket 1-1 at 3–5, 6–8, 10–18; *see also* Docket 20 at 10.
[43] Docket 1-1 at 10–18.
[44] *Id.* at 6.

fair dealing with Plaintiffs by failing to disclose the defects in the Pozzi Windows and honors its [*sic*] warranties"[45]; and "Jeld-Wen and Spenard [Builders] continued to sell and distribute Pozzi Windows while misrepresenting the quality of the windows . . . ."[46] The Complaint contains no allegations that describe Spenard's independent conduct; thus, the Complaint suggests that JELD-WEN, as the manufacturer of the allegedly defective windows, is the true target of this class action and Spenard, as the local dealer of the allegedly defective windows, played a minor, ancillary role in the allegations. Further, to the extent the Complaint describes any actions undertaken by Spenard, certain allegations suggest that Spenard was acting solely as an agent of JELD-WEN.[47] Where a local defendant's sole alleged conduct was undertaken as an agent of the non-local defendant, the Ninth Circuit has found that the local controversy exception does not apply.[48] Finally, one allegation accuses JELD-WEN of "[l]ying to its customers and its agents, including Spenard, regarding the true nature of the defects in its windows."[49] It is difficult to understand how this allegation interacts with others that suggest that Spenard misrepresented the quality of the windows by failing to disclose the defects to customers.[50]

---

[45] *Id.* at 16.
[46] *Id.* at 17.
[47] *Id.* at 16–17.
[48] *Busker v. Wabtec Corp.*, 750 F. App'x 522, 524 (9th Cir. 2018) (noting that "[t]his case is qualitatively distinct from both *Benko* and *Allen* . . . [i]n both *Benko* and *Allen*, the local defendants were alleged to have acted independently from the other defendants as a principal wrongdoer. In contrast, here, Martin's sole alleged conduct was undertaken as an agent of Wabtec, which is Busker's employer and the real target of his action for unpaid wages. Martin's liability could arise, if at all, only derivatively through his role as an agent of Wabtec. We agree with Wabtec that Busker's non-specific allegations about Martin are insufficient to satisfy the local controversy exception.").
[49] Docket 1-1 at 17.
[50] *Id.*

The parties point to a Report of the Senate Judiciary Committee, cited in *Coleman v. Estes Express Lines, Inc.*, to argue that the local controversy exception should apply to this case.[51] The Report gives two examples that define the scope of the local controversy exception.[52] Example One involves a class action brought in Florida on behalf of Floridians against an out-of-state automobile manufacturer and a few in-state dealers, alleging that a certain vehicle model, which is sold in all fifty states, is unsafe because of an allegedly defective transmission.[53] Example One describes a suit that would not fall within the local controversy exception because: (1) "the automobile dealers are not defendants whose alleged conduct forms a significant basis of the claims or from whom significant relief is sought by the class"; (2) "[e]ven if the plaintiffs are truly seeking relief from the dealers, that relief is just small change compared to what they are seeking from the manufacturer"; and (3) "the main allegation is that the vehicles were defective" and "[i]n product liability cases, the conduct of a retailer such as an automobile dealer does not form a significant basis for the claims of the class members."[54] Example Two involves a class action brought in Florida state court alleging wrongdoing in burial practices.[55] Nearly all the plaintiffs live in Florida and "[t]he suit is brought against the cemetery, a Florida corporation, and an out-of-state parent company that was involved in supervising the cemetery."[56] The Committee remarked that "[t]his is precisely the type of case for which

---

[51] 631 F.3d 1010, 1018 (9th Cir. 2011).
[52] *Id.* (citing S. Rep. No. 109–14, at 41 (2005)).
[53] *Id.*
[54] *Id.*
[55] *Id.*
[56] *Id.*

*Faulk v Jeld-Wen, Inc. et al.*     Case No. 3:22-CV-00171-JMK
Order Denying Plaintiffs' Motion to Remand     Page 10
Case 3:22-cv-00171-JMK     Document 29     Filed 01/12/23     Page 10 of 15

the Local Controversy Exception was developed" because "the controversy is at its core a local one."[57] JELD-WEN and Roderick Wendt argue this case mirrors Example One, while Plaintiffs draw comparisons to Example Two.[58] Plaintiffs also distinguish Example One, stating that it applies only to "pure" product liability class actions, whereas this case involves claims alleging fraud, misrepresentation, unfair trade practices, and breaches of the covenant of good faith and fair dealing.[59] The Court finds that this case clearly resembles Example One. Plaintiffs' assertion that the Complaint alleges claims beyond "pure" product liability is unavailing because, as in Example One, the "the main allegation" here is clearly that the Pozzi Windows were defective.[60] The inclusion of other, related claims—which, as described above, contain vague and contradictory allegations regarding Spenard's role in the alleged illegal conduct—does not change this result. In sum, based on the non-specific allegations in the Complaint, the Court finds that the conduct of Spenard does not form a significant basis for the claims in the Complaint.

### (3) Principal injuries

Although the "significant basis" test is dispositive of the issue of whether the local controversy exception applies here, the Court briefly addresses the "principal injuries" requirement. Plaintiffs assert that this requirement is met because the Complaint "expressly limits the proposed class to plaintiffs who are the owners of 'Alaska commercial and residential structures'" and, as such, "[t]he plain language of plaintiffs' complaint

---

[57] *Id.*
[58] Docket 20 at 12; Docket 21 at 4–5.
[59] Docket 21 at 4–5.
[60] *Coleman,* 631 F.3d at 1018 (quoting S. Rep. No. 109–14, at 41 (2005)).

*Faulk v Jeld-Wen, Inc. et al.*     Case No. 3:22-CV-00171-JMK
Order Denying Plaintiffs' Motion to Remand     Page 11
Case 3:22-cv-00171-JMK    Document 29    Filed 01/12/23    Page 11 of 15

limits any damages to those incurred in the State of Alaska."⁶¹ However, Pozzi Windows are distributed nationwide;⁶² therefore, Plaintiffs' action is "local only in the trivial and almost tautological sense that the definition of the putative class and the legal bases of the asserted claims make it so."⁶³ Although the Ninth Circuit has not weighed in on this issue,⁶⁴ the legislative history of CAFA indicates that "if the defendants engaged in conduct that could be alleged to have injured consumers throughout the country or broadly throughout several states, the case would not qualify for [the local controversy] exception, even if it were brought only as a single-state class action."⁶⁵ Plaintiffs have not argued that Spenard's conduct differed from any other distributor of Pozzi Windows across the nation, or otherwise shown that this is a controversy that "'uniquely affects' [Alaska] unlike anywhere else."⁶⁶ Rather, it appears that Plaintiffs have taken a nationwide controversy and attempted to squeeze it into a local controversy by limiting the class to residents of a single state.⁶⁷ Given that the local controversy exception is intended to be narrow, such artificial line drawing cannot defeat CAFA jurisdiction.⁶⁸ The Court finds that the "principal injuries" requirements has not been met here.

---

⁶¹ Docket 15-1 at 7.
⁶² Docket 28 at 18:10–11.
⁶³ *Waller v. Hewlett-Packard Co.*, No. 11cv0454-LAB (RBB), 2011 WL 8601207, at *4 (S.D. Cal. May 10, 2011).
⁶⁴ See *Beasley v. Lucky Stores, Inc.,* 379 F. Supp. 3d 1039, 1043 (N.D. Cal. 2019).
⁶⁵ *Id.* at 1043–44 (quoting S. Rep. No. 109-14, at 40–41 (2005)).
⁶⁶ *Talen Montana Ret. Plan v. PPL Corp.*, No. CV-18-174-BLG-SPW, 2019 WL 4410347, at *7 (D. Mont. Sept. 16, 2019).
⁶⁷ See *R.A. by & Through Altes v. Amazon.com, Inc.*, 406 F. Supp. 3d 827, 835 (C.D. Cal. 2019); *Winn v. Mondelez Int'l, Inc.*, No. 17-cv-02524-HSG, 2018 WL 3151774, at *5 (N.D. Cal. June 28, 2018).
⁶⁸ See *Benko v. Quality Loan Serv. Corp.,* 789 F.3d 1111, 1116 (9th Cir. 2015); *R.A.*, 406 F. Supp. 3d at 834.

## C. Plaintiffs Have Limited Leave to Amend their Complaint

As described above, the Court finds that the local controversy exception does not apply here and therefore remand is not appropriate. The Court acknowledges however that the allegations regarding Spenard in the Complaint are vague and there is a possibility that, with some clarification of Spenard's role, the local controversy analysis may be altered. Plaintiffs suggested during oral argument that Plaintiffs "interacted with Spenard after they started having issues with their windows"[69] and "it was Spenard who was the face, so to speak, of . . . whether the warranty applied or not"[70] and "was a key part of the fraud and misrepresentation."[71] Plaintiffs acknowledged that "an amended complaint, in light of these issues, could greater spell out in more detail the role that Spenard played."[72] Defendants argued that "Ninth Circuit law is clear that even if [Plaintiffs] amend they're still bound by whatever allegations were in the original complaint that was filed in state court."[73] While it is true that courts generally bar post-removal amendments related to jurisdiction, in *Benko v. Quality Loan Service Corp.* and *Broadway Grill v. Visa*, the Ninth Circuit articulated an exception to this rule in recognition of the fact that a complaint drafted for state court "may not address CAFA-specific issues, such as the local controversy exception" and "[b]y amending their complaint in these circumstances, plaintiffs can provide a federal court with the information required to determine whether a

---

[69] Docket 28 at 13:2–3.
[70] *Id.* at 13:8–10.
[71] *Id.* at 13:11–12.
[72] *Id.* at 19:18–20.
[73] *Id.* at 21:25–22:1–2.

suit is within the court's jurisdiction under CAFA."[74] Accordingly, in the Ninth Circuit, post-removal amendment is allowed to add allegations of underlying facts "for purposes of clarifying the relationship between the parties and the effect of the class claims on particular defendants."[75] If plaintiffs amend to clarify a local defendant's role, courts "can consider the amended complaint to determine whether remand to the state court is appropriate."[76] This exception is narrow and does not "strike a new path to permit plaintiffs to amend their class definition, add or remove defendants, or add or remove claims in such a way that would alter the essential jurisdictional analysis."[77] The non-specific allegations in this case relating to Spenard fall within this exception to the prohibition on post-removal amendments.[78] Spenard is named in several counts, but the relationship between Plaintiffs and Spenard and between JELD-WEN and Spenard is unclear. Plaintiffs therefore have leave to amend their Complaint solely for the purpose of adding allegations that clarify Spenard's role in the counts alleged against Spenard.

## IV. CONCLUSION

For the reasons described in this Order, Plaintiffs' Motion to Remand is DENIED with leave to amend the Complaint. Plaintiffs may file any amended complaint clarifying the allegations regarding Spenard's conduct within thirty (30) days. The Court emphasizes that Plaintiffs' leave to amend is narrow, and any amendment falling outside

---

[74] *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015).
[75] *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017).
[76] *Benko*, 789 F.3d at 1117.
[77] *Broadway Grill*, 856 F.3d at 1279.
[78] *See Clark v. WorldMark, The Club*, No. 1:18-cv-01661-LJO-JLT, 2019 WL 1023887, at *7 (E.D. Cal. Mar. 4, 2019).

the parameters set in this Order will be stricken. Briefing on Defendants' Motion to Dismiss remains STAYED. If Plaintiffs elect not to amend the Complaint, the Court will issue a briefing schedule on Defendant's Motion to Dismiss.

IT IS SO ORDERED this 12th day of January, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Faulk v Jeld-Wen, Inc. et al.* Case No. 3:22-CV-00171-JMK
Order Denying Plaintiffs' Motion to Remand Page 15
Case 3:22-cv-00171-JMK   Document 29   Filed 01/12/23   Page 15 of 15