Charles G. Evans, Esq.
Nicholas I. Bajwa, Esq.
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
cevans@jdolaw.com
nbajwa@jdolaw.com
Attorneys for David G. and Bonnie J. Faulk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| DAVID G. FAULK, BONNIE J. FAULK,<br>    Plaintiffs,<br>v.<br><br>JELD-WEN, INC. d/b/a POZZI WINDOW COMPANY; SPENARD BUILDERS SUPPLY, LLC; and RODERICK C. WENDT,<br>    Defendants. | Case No. 3:22-00171-JMK |

## FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW, Plaintiffs, David G. and Bonnie J. Faulk, by and through counsel, Jermain, Dunnagan & Owens, PC, and hereby submits their First Amended Complaint as follows:

## INTRODUCTION

1. This is a proposed class action brought by Plaintiffs on behalf of themselves and others, as defined more fully herein, who are owners in Alaska of commercial and residential structures with windows purchased from Pozzi through its sole distributor in Alaska, Spenard, from January 1, 1999 through December 31, 2010, against Spenard Builders Supply, LLC ("Spenard") Jeld-Wen, Inc. ("Jeld-Wen"), d/b/a Pozzi Window Company("Pozzi") and Roderick C. Wendt ("Wendt"). Pozzi was a division of Jeld-Wen

{01329688} First Amended Class Action Complaint                           Page **1** of **20**
Faulk v Jeld-Wen et al.                                                              3:22-00171-JMK
Case 3:22-cv-00171-SLG   Document 32   Filed 02/16/23   Page 1 of 20

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

which controlled, directed and is liable for the defective windows manufactured and marketed under the Pozzi brand. As a controlling owner, officer and director of Pozzi Window Company, Roderick C. Wendt is responsible and liable for the acts of Pozzi Window Company asserted in this class action**.** As the entity solely responsible for the sale of Pozzi windows in Alaska, Spenard is responsible and liable for the acts asserted in this class action.

2. Unknown to Plaintiffs and the Class, Pozzi windows were manufactured with defects including a defective resin, which consequently required that the glass and windows be replaced. These defective windows were sold in Alaska by Spenard, which in turn addressed all customer complaints and claims regarding the lifetime warranty for the Pozzi windows. Jeld-Wen and Spenard's acts and omissions in connection with their sale and delivery of the defective windows violates Alaska law, specifically, among other laws, the Alaska the consumer protection laws, and constitutes common law fraud, breach of contract and warranty, breach of implied warranty, breach of the duty of good faith and fair dealing, unjust enrichment and acts justifying declaratory relief as appropriate.

3. Although Jeld-Wen and Spenard knew or should have known of the true defective nature of the windows, Jeld-Wen and Spenard failed to remove the windows from the marketplace or thereafter to take in good faith and fair dealing adequate remedial action with its customers. Rather, Jeld-Wen and Spenard continued to sell the windows and failed to replace them without charge while knowing, or recklessly not knowing, that the windows would fail due to admitted manufacturing defects by Pozzi Window Company. Spenard was the entity responsible for interfacing with all Pozzi customers in Alaska and was responsible for the failure to replace the windows while knowing, or recklessly not knowing, the defective status of the windows.

4. As a consequence of Jeld-Wen and Spenard's active concealment of the defects and its false and misleading statements to consumers, including Plaintiffs, who inquired about their windows, Plaintiffs and the Class purchased, currently own defective windows, and made numerous claims for warranty and replacement which Spenard (and

{01329688} First Amended Class Action Complaint    Page **2** of **20**
Faulk v Jeld-Wen et al.    3:22-00171-JMK
Case 3:22-cv-00171-SLG    Document 32    Filed 02/16/23    Page 2 of 20

by extension Jeld-Wen) failed to address in good faith and fair dealing. Instead of admitting the known defects and recalling the defective windows, replacing them without cost to the consumers Spenard and Jeld-Wen denied its windows were inherently defective, obfuscated, confounded, lied, offered bait and switch partial performances, demanded and received payments which were not due, and, among other things, issued written warranties which Jeld-Wen applied to pre-existing purchases. Plaintiffs and the Class have lost the entire value of their windows, and/or have been forced to replace their windows at a significant cost, and/or have suffered other forms of economic loss as a result of Jeld-Wen's design and active concealment of its manufacturing defects in connection with the windows, and Spenard's distribution, sale and active concealment of the manufacturing defects in connection with the windows.

5. The causes of action alleged herein accrued upon discovery of the defective nature of the windows and the refusal of Jeld-Wen and Spenard to replace the defective windows. Because the defect is latent, and Jeld-Wen and Spenard actively took steps to conceal it, among other reasons, Plaintiffs and Class Members did not discover and could not have discovered the defect through reasonable and diligent investigation until the refusal of Jeld-Wen and Spenard to replace the windows. Moreover, reasonable and diligent investigation into the cause of the failed windows did not and could not reveal a factual basis for a cause of action based on Jeld-Wen and Spenard's fraudulent concealment of the defects. In addition, Jeld-Wen and Spenard in part adopted a program of intentionally delaying its response to warranty claims and failing to fully perform offers of partial performance of warranties which purchasers agreed to accept and on or about 2004 terminated the Pozzi brand as part of a scheme to deny benefits to the purchasers of Pozzi windows.

6. Any applicable statutes of limitation have been tolled by Jeld-Wen and Spenard's knowing and active concealment and denial of the facts as alleged herein, which concealment is ongoing. Plaintiffs and the Class have been kept ignorant by Jeld-Wen and Spenard of information essential to the pursuit of these claims without any fault or lack of diligence on their part. Plaintiffs and members of the Class could not reasonably

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{01329688} First Amended Class Action Complaint　　　　　　　　　　　　　　　　　　Page **3** of **20**
Faulk v Jeld-Wen et al.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　3:22-00171-JMK
Case 3:22-cv-00171-SLG　　Document 32　　Filed 02/16/23　　Page 3 of 20

have discovered the true, latent defective nature of the windows until Jeld-Wen and Spenard finally refused to replace the windows.

## PARTIES

7. David G. Faulk is an individual who owns and resides at 8631 Bluffwood Circle, Anchorage, Alaska (the "Residence"). Bonnie J. Faulk is an individual who owns and resides at the Residence. David G. Faulk is married to Bonnie J. Faulk. David and Bonnie Faulk are the owners of Alaska Pacific Leasing and Alaska Pacific Transport, Inc. both of which were agents for David and Bonnie Faulk in the purchase of the Pozzi windows from Spenard.

8. Plaintiffs are residents of the Third Judicial District of Alaska and are qualified in all respects to bring this action.

9. Upon information and belief, Defendant Jeld-Wen, Inc. is a foreign corporation organized in the state of Oregon or some other state in the United States. Pozzi Window was and is a division of Jeld-Wen and in the remainder of this Complaint all references to Pozzi or Pozzi windows will be deemed a reference to Jeld-Wen and all references to Jeld-Wen will be deemed a reference to Pozzi or Pozzi windows. Roderick C. Wendt at all relevant times was an owner, officer and director of Jeld-Wen.

10. Defendant Spenard Builders Supply, LLC is a limited liability company organized in the state of Alaska and does business in Alaska, including the Third Judicial District.

11. Defendant Jeld-Wen held itself out to the public as the manufacturer of Pozzi windows.

12. Spenard held itself out to the public as an authorized dealership, distributor, and agent of Pozzi windows and Jeld-Wen and sold Pozzi windows to the Plaintiffs and Class Members in the State of Alaska.

## JURISDICTION AND VENUE

13. This Court has personal jurisdiction over Jeld-Wen, Spenard, and Roderick C. Wendt pursuant to Alaska Statute 09.05.015.

14. This Court has subject matter jurisdiction of the claims asserted herein as the amount of controversy exceeds the sum of value of $100,000.00 exclusive of interest and

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{01329688} First Amended Class Action Complaint  Page **4** of **20**
Faulk v Jeld-Wen et al.  3:22-00171-JMK
Case 3:22-cv-00171-SLG   Document 32   Filed 02/16/23   Page 4 of 20

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

costs and is a class action in which members of the class of Plaintiffs are citizens of the Third Judicial District at Anchorage or the State of Alaska.

15. Venue is proper in this Court under Alaska Rules of Civil Procedure 3 insofar a substantial part of the acts or omissions giving rise the Plaintiffs claims occurred in the Third Judicial District, at Anchorage.

## **GENERAL ALLEGATIONS**

16. Jeld-Wen designed and manufactured Pozzi windows and doors while Spenard, an authorized agent of Pozzi, marketed and sold the windows and doors to numerous consumers in Alaska including Plaintiffs from earlier than January 1, 1999 through 2004 under the "Pozzi" brand name.

17. Jeld-Wen and Spenard knew or should have known that the Pozzi windows were not suitable for residential or commercial use and that the glass was subject to fail due to its inherent defects.

18. Unbeknownst to Plaintiffs and the Class, the windows were defectively manufactured and/or designed from the outset and continued to be defectively manufactured and/or designed during the entire time that the windows were manufactured, distributed and sold from January 1, 1999 through 2004.

19. Undisclosed to Plaintiffs and the Class, Pozzi windows were manufactured with defects including resins that did not contain enough UV absorber. Manufacturing windows with resins with low amounts of UV absorbers makes the glass weak and subject to UV deterioration, and the windows did and inevitably will fail as a result. The defects with Jeld-Wen windows including those related to the use of this resin are independent of installation issues and require replacement of the defective Pozzi windows.

20. Jeld-Wen and Spenard knew or should have known that the Pozzi windows were not suitable for residential or commercial use and that the glass was subject to fail due to its inherent defects.

{01329688} First Amended Class Action Complaint   Page **5** of **20**
Faulk v Jeld-Wen et al.                           3:22-00171-JMK
Case 3:22-cv-00171-SLG   Document 32   Filed 02/16/23   Page 5 of 20

21. Spenard was the sole authorized agent responsible for selling Pozzi windows in Alaska. Spenard was the single point of contact for customers of Pozzi windows for both the sale of the product and any warranty or product concerns after the purchase. Spenard knew or should have known that the Pozzi windows were not suitable for residential or commercial use and that the glass was subject to fail due to its inherent defects.

22. After the sale of the windows, Jeld-Wen and Spenard uniformly concealed material information regarding the defective nature of the windows.

23. Jeld-Wen and Spenard, upon learning that the Pozzi windows were manufactured with defects, should have disclosed the inherent defects to consumers, and should have fully compensated owners for all damages arising from the need to replace the defective windows. Jeld-Wen and Spenard failed to make these disclosures, and failed to fully compensate owners for all damages arising from the need to replace the defective windows.

24. Moreover, Jeld-Wen and Spenard concealed and continues to conceal the true defective condition of the Pozzi windows. Jeld-Wen even concealed the extent of the defects in design and manufacture when Class Members including Plaintiffs, complained to Jeld-Wen seeking replacement of their failed and failing windows.

25. Jeld-Wen and Spenard represented and warranted to Plaintiffs and the Class that the Pozzi windows were free from defects and were of merchantable quality. Plaintiffs' experiences mirrors those of other purchasers of Pozzi windows and reveal that Jeld-Wen and Spenard's representations are false in that the Pozzi windows are defective and not of merchantable quality.

26. Jeld-Wen and Spenard offered in some instances to provide new windows sometimes without costs, others times at "discounted" costs to some of its customers; however, individual customers including Plaintiffs are and have been held responsible for charges for the replacement windows and the costs of replacing the defective windows.

27. Knowing that the Pozzi windows were defective, Jeld-Wen sometime about 2004 discontinued the sale of its windows under the Pozzi brand and thereafter closed the offices, cut off the telephones, and contact information of Pozzi, with the intent of

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{01329688} First Amended Class Action Complaint     Page **6** of **20**
Faulk v Jeld-Wen et al.     3:22-00171-JMK
Case 3:22-cv-00171-SLG     Document 32     Filed 02/16/23     Page 6 of 20

concealing the defects in the Pozzi windows and denying legitimate warranty claims. Roderick C. Wendt approved the schemes alleged in paragraphs 16 through 27 and is personally liable for the actions of Jeld-Wen alleged in this complaint.

## CLASS ALLEGATIONS

28. Plaintiffs brings all claims herein as class claims pursuant to Alaska Civil Rule 23.

29. The requirements of Alaska Civil Rule 23 are met with respect to the Subclasses defined below:

> a. Subclass A: End users in Alaska who purchased Pozzi windows from Spenard from January 1, 1999 to December 31, 2004 and, upon failure of the windows, Pozzi did not offer and complete installation of replacement windows at no cost;
>
> b. Subclass B: End users in Alaska who purchased Pozzi windows from Spenard from January 1, 1999 to December 31, 2004, upon failure of the windows, Pozzi offered but failed to complete installation of replacement windows at a discounted price or where Pozzi required the purchaser to pay labor and/or installation costs.

30. Members of Subclasses A and B (collectively the "Class") are readily identifiable from the business records of Jeld-Wen and Spenard. Excluded from the Class are Jeld-Wen, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families, and similarly the same exclusions for Spenard, the presiding judge(s) in this case and his, her or their immediate family.

31. The Subclasses satisfy all of the statutory prerequisites for class certification.

32. **Numerosity**. Joinder of all members of the Subclasses is impracticable, as it consists of hundreds, perhaps thousands of persons who reside in the Third Judicial District or any other District in Alaska. Although the precise number of Subclass members is unknown to Plaintiffs, given the number of Jeld-Wen windows sold in the Third Judicial District or the State of Alaska, this action amply satisfies the numerosity requirement. The number of Class members can be determined through appropriate discovery.

33. **Commonality**. This case presents multiple questions of fact and law common to the Class, which common questions predominate over any questions affecting only individual members of the Class. As set forth herein, Jeld-Wen and Spenard have acted wrongfully in the same basic manner as to each Subclass. The claims of Plaintiffs and the Class are based upon the manufacture of window with the same defective resin.

34. There are common questions of law or fact that predominate over issues affecting only individual members of each Subclass, including, inter alia:

>   a. Whether Jeld-Wen's windows contain a latent defect, e.g., that they were manufactured with defective resin;
>
>   b. Whether Jeld-Wen and Spenard made judicial admissions in prior litigation that constitute res judicata or collateral estoppel for the case sub judice;
>
>   c. Whether the complained-of defect and/or common design defect caused damages sustained by Plaintiffs and the Class, including replacement of windows and all costs associated with the same;
>
>   d. Whether Jeld-Wen and Spenard had actual or imputed knowledge of the complained-of
>
>   defect but did not disclose such defect to Plaintiffs or the Class;
>
>   e. Whether Jeld-Wen and Spenard's conduct constitutes a violation of Alaska law or alternatively its consumer protection statutes and law of fraud;
>
>   f. Whether Jeld-Wen has breached expressed and/or implied warranties;
>
>   g. Whether Jeld-Wen and Spenard were unjustly enriched by its conduct; and
>
>   h. Whether Plaintiffs and the Class have been damaged, and if so, what is the proper measure of such damages?

35. **Typicality.** Plaintiffs has the same interests in this matter as all other members of the Class, and their claims are typical of all members of the Class.

36. **Adequacy.** Plaintiffs, as representative, will fairly and adequately protect the interests of the Class. Plaintiffs has no interests antagonistic to those of other Class members. The claims of Plaintiffs and the Subclasses are premised upon the same

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{01329688} First Amended Class Action Complaint  Page **8** of **20**
Faulk v Jeld-Wen et al.  3:22-00171-JMK
Case 3:22-cv-00171-SLG   Document 32   Filed 02/16/23   Page 8 of 20

underlying facts; thus, by proving their own claims, Plaintiffs will prove the claims of the Subclasses.

37. Plaintiffs have retained competent counsel experienced in class action litigation, and has and will continue to prosecute this action vigorously.

38. **Appropriateness/Superiority**. A class action is an appropriate and superior method for the fair and efficient adjudication of this controversy. In addition to the problems inherent in joinder of all members of the Class, the economic damages suffered by each individual member of the Class are relatively small, so that the expense and burden of individual litigation would make it unlikely that individual members of the Subclasses would be able to take on a large corporate defendant like Jeld-Wen and Spenard in a complex matter such as this. Absent a class action, Jeld-Wen and Spenard will likely continue to profit at the expense of Plaintiffs and the Subclasses.

39. Furthermore, the cost to the court system of individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of identical or similar factual issues. Without this class action, Plaintiffs and the Class members will effectively be left without redress or a remedy.

## COUNT I
## BREACH OF CONTRACT AND EXPRESSED WARRANTY

40. Plaintiffs purchased Pozzi windows and doors for its Residence from Spenard in 1999 with delivery and installation in 2000 and 2001 with a lifetime warranty against defects including the costs of installation.

41. Plaintiffs interacted solely with Spenard prior to the purchase of the Pozzi windows and doors. All payments for the Pozzi windows were made to Spenard. Spenard provided the representation to Plaintiffs regarding the lifetime warranty against defects of the Pozzi windows.

42. When Pozzi windows in the Residence began failing, Plaintiffs initially interacted with Spenard only regarding the implementation of the lifetime warranty. Plaintiffs have

{01329688} First Amended Class Action Complaint   Page **9** of **20**
Faulk v Jeld-Wen et al.   3:22-00171-JMK
Case 3:22-cv-00171-SLG   Document 32   Filed 02/16/23   Page 9 of 20

had a longstanding relationship with Spenard which construction materials to many projects of Plaintiffs. Spenard coordinated the initial repairs and replacements of the defective windows, and Plaintiffs had no interaction with Jeld-Wen until many years later. Spenard had a single person dedicated to Plaintiffs account during the time of the purchase and the initial disputes regarding the defective windows.

43. At the time of the purchase, agents for Spenard made oral representations that the Pozzi windows come with a lifetime warranty, and subsequent actions from Spenard were consistent with this representation. Neither Spenard nor Jeld-Wen provided Plaintiffs with a written warranty at the time of purchase.

44. Jeld-Wen provided a written copy of a warranty for the first time on December 3, 2002, years after the initial purchase and after Plaintiffs had materially relied upon representations of a lifetime warranty to their detriment. Spenard never provided a written copy of the warranty.

45. Plaintiffs executed the purchase order for the Pozzi windows in 1999 and the installation of the windows occurred in 2000 and 2001. The installation was overseen entirely by Spenard, and involved the window parts from Pozzi and primary installation from Speedy Glass. All payments were coordinated by Spenard during the installation process. Colin Hogan was the employee from Spenard dedicated to the Plaintiffs' account.

46. On December 28 1999 Mr. Hogan sent Plaintiffs a fax regarding deficient windows entitled "Warranty Windows." The accompanying letter from Mr. Hogan's counterpart at Pozzi, Larry Wachtel, outlines numerous windows at the residence that are defective and require replacement. The notes indicated that "the following windows have been re-ordered at no charge to the customer due to either defective glass or grid configuration." Both Spenard and Jeld-Wen were aware of the defective glass and did not dispute the applicability of the lifetime warranty.

47. On February 29, 2000, Colin Hogan stated in a letter to Plaintiffs that "Pozzi Windows as well as Spenard Builders Supply has always, and will continue to stand behind the products we sell."

{01329688} First Amended Class Action Complaint
Faulk v Jeld-Wen et al.
Page **10** of **20**
3:22-00171-JMK
Case 3:22-cv-00171-SLG   Document 32   Filed 02/16/23   Page 10 of 20

48. Initial replacements coordinated by Spenard included the entire window casement. Later window deliveries were made without the entire casement, requiring the Plaintiffs to incur significant work to install the windows, which was not possible in some instances. Plaintiffs were required to follow-up requesting the window grid on numerous occasions from Spenard.

49. On January 23, 2001, Colin Hogan identified multiple windows with grid configuration issues that would require additional work upon installation in order to be functional. A subsequent letter noted that replacement windows has been ordered "due to either damage or unacceptable grid configuration" and that Mr. Hogan would order any additional windows that had been overlooked.

50. In 2001 Spenard sued David Faulk, Bonnie Faulk, and Key Bank National Association in case number 3AN-01-11877CI to collect funds claimed by Spenard, some of which was for Pozzi windows. Plaintiffs defended and settled the matter at trial on December 16, 2002 with final payment escrowed until Spenard complied with replacing driveway lights it had damaged.

51. Spenard sought settlement and release of the warranty claims of Plaintiffs for the Pozzi windows. Plaintiffs refused to waive or release its warranty claims due to ongoing issues with the incremental failure of the Pozzi windows.

52. On April 2, 2002, Colin Hogan identified the "delaminating problem" on the windows and the noted deficiencies. Spenard was responsible for coordinating the repairs and application of the warranty at that time.

53. Shortly thereafter, Colin Hogan left Spenard and the Plaintiffs had difficulties in getting Spenard to address their warranty issues.

54. In early 2004 Spenard abandoned its duties to resolve warranty issues with the Pozzi windows directing Plaintiffs to seek relief from Pozzi.

55. On January 20, 2004, Spenard sent a letter to Plaintiff's representative stating that "All warranty issues for these Pozzi windows have now been turned over to Pozzi." Prior to this date, Spenard was the sole point of contact for the warranty issues.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{01329688} First Amended Class Action Complaint Page **11** of **20**
Faulk v Jeld-Wen et al. 3:22-00171-JMK
Case 3:22-cv-00171-SLG   Document 32   Filed 02/16/23   Page 11 of 20

56. On January 23, 2004, Plaintiffs informed Spenard that they have not had any prior relationship with Pozzi and had previously interacted solely with Spenard on the warranty claims and that the parties' settlement in case number 3AN-01-11877CI provided for the warranty issues to be addressed by Spenard and not Pozzi, which was not a party to that dispute.

57. Knowing that the Pozzi windows were defective, Jeld-Wen sometime about 2004 discontinued the sale of its windows under the Pozzi brand and terminated Spenard as a seller. Jeld-Wen thereafter closed the Pozzi offices, cut off the telephones, and contact information of Pozzi, with the intent of concealing the defects in the Pozzi windows and denying legitimate warranty claims of Plaintiffs. Roderick C. Wendt, a controlling shareholder approved these schemes and is personally liable for the actions of Jeld-Wen alleged in this complaint.

58. Jeld-Wen initially on at least three separate occasions ratified and confirmed the warranty by its acts and statements the lifetime warranty extended to Plaintiffs, that is Pozzi replaced and installed windows in the residence that failed and occluded the view outside at no costs. Jeld-Wen, Spenard, and their agents also stated on multiple occasions that the Pozzi windows would be replaced when they fail.

59. During the continued incremental failure of individual windows or several windows and in response to demands of Plaintiffs to replace of all Pozzi windows, Pozzi took the position it would replace windows but only after the failure of a particular specific window.

60. About 2016, Pozzi, in response to the demands of Plaintiffs, changed its position requiring Plaintiffs to pay a portion of the significantly "discounted" costs for replacement windows. Plaintiffs paid Pozzi on or about May 9, 2016, the amount of $1,814.01, on or about April 19, 2017 the amount of $4,400.00 for claim 21G16038/quote 242178 and on or about July 22, 2018 in the amount of $6,637.62 for Quote CE318097, order G2218377671190. On each occasion Jeld-Wen sent Plaintiffs replacement windows which failed to meet the description of the replacement windows agreed to by Plaintiffs and Jeld-Wen. Pozzi breached the substituted warranty fulfillments

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

with Plaintiffs most recently under quote CE318097 order G2218377671190. To date, Jeld-Wen has failed to provide replacement windows that satisfy the requirements despite Plaintiffs' payment for the same.

61. On or about July 31, 2020, Pozzi finally refused to provide partial or complete warranty obligations in relation to quote CE318097 order G2218377671190. On September 22, 2020 David Faulk objected to the final failure of Pozzi to live up to its warranty obligations.

62. Any statute of limitations on the contract and fraud claims of Plaintiffs, commence no earlier than July 31, 2020.

63. Plaintiffs have suffered damages due to the breach of the express lifetime warranty of Pozzi of not less the $1,000,000, the actual amount to be proven at trial, including the estimated replacement costs in the amount of $811,105 dated October 6, 2021.

## COUNT II
## BREACH OF IMPLIED WARRANTY
## OF MERCHANTABILITY

64. Plaintiffs repeats and realleges the allegations of the prior paragraphs, as if fully stated herein.

65. Jeld-Wen and Spenard were merchants that regularly engaged in the manufacture **or** sale of Pozzi windows during the period 1999 through 2010.

66. There is an implied warranty that the Pozzi windows sold by Spenard to Plaintiffs and the Class were fit for ordinary purposes for which such windows were used; *i.e.,* for use in commercial and residential buildings.

67. The Pozzi windows sold by Spenard were defective in part as the result of a defective resin, or otherwise, and were not as promised, and were not suitable to be used as windows in homes such as the Residence of Plaintiffs or other residential or commercial buildings.

68. Plaintiffs and the Class notified Spenard and Jeld-Wen of its breach within a reasonable time after they discovered, or should have discovered, the breach and as a result of Spenard and Jeld-Wen's breach, Plaintiffs and the Class have suffered economic

{01329688} First Amended Class Action Complaint    Page **13** of **20**
Faulk v Jeld-Wen et al.    3:22-00171-JMK
Case 3:22-cv-00171-SLG    Document 32    Filed 02/16/23    Page 13 of 20

damages related with the costs of replacing the defective windows or charges for the "discounted" costs of replacement windows or installation costs thereof.

## COUNT III
## BREACH OF IMPLIED WARRANTY
## OF FITNESS FOR A PARTICULAR PURPOSE

69. Plaintiffs repeats and realleges the allegations of the prior paragraphs, as if fully stated herein.

70. Jeld-Wen and Spenard knew that Plaintiffs and the Class were purchasing its Pozzi windows for the particular purpose of installing windows and windows in their commercial and residential buildings, and knew that Plaintiffs and the Class were relying on Jeld-Wen and Spenard's skill and judgment to select and furnish the window.

71. The defective nature of the Pozzi windows rendered them unsuitable for the particular purpose warrantied by Jeld-Wen.

72. Plaintiffs and the Class notified Spenard and Jeld-Wen of its breach within a reasonable time after they discovered, or should have discovered, the breach.

73. As a result of Spenard and Jeld-Wen's breach, Plaintiffs and the Class have suffered economic damages related to the costs of replacing the defective windows or the costs for discounted windows or the installation costs thereof.

## COUNT IV
## VIOLATION OF ALASKA ULAWFUL
## TRADE PRACTICES ACT

74. Plaintiffs repeats and realleges the allegations of the prior paragraphs, as if fully stated herein.

75. Plaintiffs brings this claim pursuant to AS 45.50.471-561, Alaska Unfair Trade Practices and Consumer Protection Act (UTPA).

76. At all relevant times, Jeld-Wen and Spenard provided and offered goods and/or services as defined in AS 45.10.220.

77. At all relevant times, Plaintiffs and the Class were consumers, as defined by the

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Act.

78. Jeld-Wen and Spenard, in the course of its business, used and/or employed a method, act or practice declared unlawful by AS 45.50.471 et seq. In particular, Jeld-Wen and Spenard committed a deceptive, misleading, and unfair trade practice by supplying Pozzi windows that were not suitable for residential or commercial use but were subject to inevitable failure; not disclosing the inherent defects of the Pozzi windows to consumers upon learning of the defective resin or other defects; not fully compensating consumers who own Pozzi windows for all damages incurred in replacing such windows.

79. Plaintiffs and the Class suffered an ascertainable loss of money or property, real or personal, as a result of Jeld-Wen and Spenard's unlawful conduct. In particular, Plaintiffs and the Class were damaged by Jeld-Wen and Spenard's deceptive and unfair practices in that they paid for Pozzi windows that were inherently defective; not being fully informed of the inherent defect of the Pozzi windows; and not being fully compensated for damages arising from replacing the Pozzi windows.

80. In causing the losses suffered by Plaintiffs and the Class, Jeld-Wen and Spenard acted willfully, recklessly and/or knowingly.

81. The damages suffered by Plaintiffs and the Class were directly and proximately caused by the deceptive, misleading and unfair practices of Jeld-Wen and Spenard, as more fully described herein.

82. Jeld-Wen and Spenard's practice and course of conduct, as alleged herein has misled the consumer acting reasonably in the circumstances, to the consumer's detriment.

83. Further, Jeld-Wen and Spenard engaged in an unfair and deceptive practice that offends established public policy, and is one that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers.

84. Plaintiffs has retained the services of the undersigned attorneys who are entitled to a reasonable fee upon prevailing pursuant to AS 45.50.471 et seq.

85. Plaintiffs seeks to obtain a pecuniary benefit for the Class in the form of all actual and consequential damages recoverable from Jeld-Wen, Spenard and Roderick C. Wendt; and/or, alternatively, in the form of statutory damages trebled damages for every

defective window and/or glass door sold by Jeld-Wen and Spenard to members of the Class. Plaintiffs also seeks to obtain a non-pecuniary benefit for the Class in the form of injunctive relief against Jeld-Wen. Plaintiff's counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary and non-pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

## COUNT V
## UNJUST ENRICHMENT

86. Plaintiffs repeats and realleges the allegations of the prior paragraphs, as if fully stated herein.

87. Plaintiffs and the Class have conferred benefits on Jeld-Wen and Spenard by paying for windows which were not properly manufactured, and as such were not suitable for residential or commercial use, and were subject to fail.

88. Jeld-Wen and Spenard knowingly and willingly accepted and/or retained this benefit from Plaintiffs and the Class.

89. Jeld-Wen and Spenard's unfair and deceptive methods employed in obtaining and/or retaining this benefit, and failure to supply windows and doors suitable for residential and commercial use, make it inequitable for Jeld-Wen and Spenard to retain this benefit at the expense of Plaintiffs and the other members of the Class.

90. Jeld-Wen and Spenard have been unjustly enriched at the expense of and detriment to Plaintiffs and the Class by wrongfully collecting money to which Jeld-Wen and Spenard, in equity, is not entitled, and keeping that money knowing the windows and glass doors had defective glass and were not suitable for their intended purpose.

91. Plaintiffs and the Class are entitled to recover from Jeld-Wen and Spenard all amounts wrongfully collected and improperly retained by Jeld-Wen and Spenard, plus interest thereon. As a direct and proximate result of Jeld-Wen and Spenard's unjust enrichment, Plaintiffs and the Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Jeld-Wen and Spenard of the benefits conferred by Plaintiffs and the Class.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{01329688} First Amended Class Action Complaint Page **16** of **20**
Faulk v Jeld-Wen et al. 3:22-00171-JMK
Case 3:22-cv-00171-SLG   Document 32   Filed 02/16/23   Page 16 of 20

92. Plaintiffs seeks to obtain a pecuniary benefit for the Class in the form of all reimbursement, restitution, and disgorgement from Jeld-Wen and Spenard. Plaintiffs' counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

## COUNT VI
## BREACH OF THE IMPLIED COVENANT TO ACT IN
## GOOD FAITH AND FAIR DEALING

93. Plaintiffs repeats and realleges the allegations of the prior paragraphs, as if fully stated herein.

94. Jeld-Wen and Spenard breached its obligations to act in good faith and fair dealing with Plaintiffs by failing to disclose the defects in the Pozzi windows and honor its warranties.

95. Jeld-Wen and Spenard breached its obligations to act in good faith and fair dealing with Plaintiffs in at least the following ways:

   a. Failing to inform purchasers of Pozzi windows of the inherent defects due to its manufacture of Pozzi windows
   b. Refusing to provide replacement windows and installation at its own costs.
   c. Supplying Pozzi windows that were not suitable for residential or commercial use but were subject to inevitable failure;
   d. Not disclosing the inherent defects of the Pozzi windows to consumers upon learning of the defective resin or other defects;
   e. Not fully compensating consumers who own Pozzi windows for all damages incurred in replacing such windows;
   f. By knowing that consumers were relying on Jeld-Wen's skill and judgment to select and furnish the windows suitable for residential and commercial use.
   g. Taking actions including discontinuance of the Pozzi brand and concealing the Pozzi contact information with the purpose of denying the inherent

{01329688} First Amended Class Action Complaint  Page **17** of **20**
Faulk v Jeld-Wen et al.  3:22-00171-JMK
Case 3:22-cv-00171-SLG   Document 32   Filed 02/16/23   Page 17 of 20

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

defects of the Pozzi widows all in an effort to limit its exposure to consumers for warranty claims and damages caused by its wrongful acts.

96. Jeld-Wen, Spenard, and Roderick C. Wendt are liable to Plaintiffs for damages as may be proven at trial for breach of the implied covenant to act in good faith and to fair dealing.

## COUNT VII
## PREMISED ON FRAUD AND MISREPRESENTATION

97. Plaintiffs repeats and realleges the allegations of the prior paragraphs, as if fully stated herein.

98. Jeld-Wen, Spenard, and its representatives induced Plaintiffs to purchase Pozzi windows based upon false pretenses, false representations, and actual fraud on the part of Jeld-Wen and Spenard**.**

99. Jeld-Wen, Spenard, and its representatives deceived Plaintiffs and engaged in fraud and misrepresentation in at least the following respects:

   a. Failing to inform purchasers of Pozzi windows of the inherent defects due to its manufacture of Pozzi windows;

   b. Refusing to provide replacement windows and installation at its own costs;

   c. Representing that Jeld-Wen and Spenard are competent to fully and adequately sell and distribute Pozzi windows knowing the windows and glass doors had defects and were not suitable for their intended purpose.

   d. Failing to recall the defective Pozzi windows.

   e. Denying the defective nature of the Pozzi windows when consumers made warranty claims.

   f. Lying to its customers and its agents, including Spenard, regarding the true nature of the defects in its windows.

100. Jeld-Wen and Spenard continued to sell and distribute Pozzi windows while misrepresenting the quality of the windows and causing the purchasers to pay labor and/or installation costs and/or replacement costs of defective windows.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

101. Plaintiffs obtained certain materials and supplies from Jeld-Wen and Spenard based on false representations they made to Plaintiffs and/or on the basis of false pretenses. Jeld-Wen and Spenard deceived Plaintiffs and engaged in fraud and misrepresentation by representing the quality of the windows and failing to disclose that the glass was subject to fail due to its inherent defects when consumers made warranty claims.

102. Jeld-Wen, Spenard, and Roderick C. Wendt are liable to Plaintiffs and Class Members in an amount to be determined at trial, as well as for punitive damages based upon fraud, deceit, and/or misrepresentation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of himself and all others similarly situated, prays for relief and judgment against Jeld-Wen, Spenard and Roderick C. Wendt, jointly and severally, as follows:

1. For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiffs and their legal counsel to represent the Class;

2. Awarding actual and/or statutory damages, reimbursement, restitution and disgorgement against Jeld-Wen, Spenard, and Roderick C. Wendt, jointly and severally, in an amount to be proven at trial;

3. Awarding injunctive relief and declaratory relief as provided by law;

4. Awarding punitive damages in an amount to be proven at trial;

5. For pre-judgment and post-judgment interest to Plaintiffs and the Class, as allowed by law;

6. For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class;

7. For attorney fees pursuant to Alaska Civil Rule 82 and costs, and;

8. Granting such other and further relief as is just and proper.

{01329688} First Amended Class Action Complaint  Page **19** of **20**
Faulk v Jeld-Wen et al.  3:22-00171-JMK
Case 3:22-cv-00171-SLG   Document 32   Filed 02/16/23   Page 19 of 20

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of all others similarly situated, hereby demands a trial by jury of all issues so triable as a matter of right.

Dated this 16th day of February 2023.

        JERMAIN, DUNNAGAN & OWENS, P.C.
        Attorneys for David G. and Bonnie J. Faulk

        By /s/ *Nicholas I. Bajwa*
        Charles G. Evans - ABA No. 7705019
        Nicholas I. Bajwa – ABA No. 0705015

Certificate of Service
I certify that a true and correct copy of the foregoing was served on counsel of record on the filing date hereof via the Court's CM/ECF electronic filing notice.

Rebecca A. Lindemann
James S. Nolan
rlindemann@richmondquinn.com
jnolan@richmondquinn.com
Attorneys for Defendant Spenard Builder Supply, LLC

Jennifer M. Coughlin
Landye Bennett Blumstein, LLP
jenniferc@lbblawyers.com

Richard N. Sieving
The Sieving Law Firm, A.P.C.
rsieving@sievinglawfirm.com
Attorneys for Defendants JELD-WEN, Inc. d/b/a
Pozzi Window Company; Roderick C. Wendt

/s/ *Anita Rustad*
Legal Assistant
Jermain, Dunnagan & Owens, PC

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{01329688} First Amended Class Action Complaint     Page **20** of **20**
Faulk v Jeld-Wen et al.     3:22-00171-JMK
Case 3:22-cv-00171-SLG    Document 32    Filed 02/16/23    Page 20 of 20