IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID G. FAULK, and BONNIE J. FAULK,<br><br>                Plaintiffs,<br><br>    vs.<br><br>JELD-WEN, INC., d/b/a Pozzi Window Company; SPENARD BUILDERS SUPPLY, LLC; and RODERICK C. WENDT,<br><br>                Defendants. | Case No. 3:22-cv-00171-JMK<br><br>**ORDER RE: PENDING MOTIONS** |

Pending before the Court is (1) Defendants JELD-WEN, Inc. ("JELD-WEN") and Roderick C. Wendt's Motion to Strike First Amended Class Action Complaint at Docket 37; (2) Plaintiffs David and Bonnie Faulk's Motion to Remand at Docket 40; and (3) Plaintiffs' Motion for Leave to File a Second Amended Complaint at Docket 48. The parties requested oral argument, but the Court chose to proceed without argument.[1]

---

[1] The Court indicated that it would waive the deadline for the parties to file motions for reconsideration under D. Alaska Loc Civ. R. 7.3(h) until Plaintiffs successfully retained new counsel. The parties may move the Court to reconsider this Order not later than 30 days after Plaintiffs retain substitute counsel.

## I. BACKGROUND

This case finds itself in a unique procedural posture. The Court presumes familiarity with the facts and procedure of this case, but provides a brief overview of the facts relating to the pending motions. On July 21, 2022, JELD-WEN and Roderick C. Wendt ("Wendt") removed this putative class action to this Court, alleging that this case falls under the Court's diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA").[2] On August 15, 2022, Plaintiffs filed a Motion to Remand, arguing that the local controversy exception to the CAFA applies and requires this Court to decline jurisdiction.[3] At Docket 29, this Court denied Plaintiffs' Motion to Remand, with leave to amend the Complaint. The Court found that the local controversy exception does not apply and therefore remand is not appropriate.[4] The Court "acknowledge[d] however that the allegations regarding [Spenard Builders Supply, LLC ("Spenard")] in the Complaint are vague and there is a possibility that, with some clarification of Spenard's role, the local controversy analysis may be altered."[5] The Court therefore granted Plaintiffs leave to amend their Complaint "solely for the purpose of adding allegations that clarify Spenard's role in the counts alleged against Spenard."[6] The Court emphasized that "Plaintiffs' leave to amend is narrow, and any amendment falling outside the parameters set in this Order will be stricken."[7]

---

[2] Docket 1 at 3–6.
[3] Docket 15.
[4] Docket 29 at 13.
[5] *Id.*
[6] *Id.* at 14.
[7] *Id.* at 14–15.

*Faulk v Jeld-Wen, Inc. et al.*  Case No. 3:22-cv-00171-JMK
Order re Pending Motions  Page 2
Case 3:22-cv-00171-JMK   Document 59   Filed 11/07/23   Page 2 of 8

On February 16, 2023, Plaintiffs filed their Amended Complaint.[8] On March 13, 2023, Defendants JELD-WEN and Wendt moved to strike Plaintiffs' Amended Complaint, arguing that the amendments exceed scope of the Court's Order granting narrow leave to amend.[9] On March 20, 2023, Plaintiffs filed a renewed Motion to Remand, asserting that the allegations in the First Amended Complaint establish that this case falls within CAFA's local controversy exception.[10] On June 2, 2023, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint.[11] Plaintiffs state that the amendment is proposed to remove the class allegations and focus solely on Plaintiffs' claims.[12] Plaintiffs "submit that the second amended complaint should be relevant for the Court's CAFA analysis or otherwise provide independent grounds for divesting jurisdiction."[13]

## II. DISCUSSION

### A. Defendants' Motion to Strike Plaintiffs' First Amended Complaint

In *Benko v. Quality Loan Service Corporation,* 789 F.3d 1111, 1117 (9th Cir. 2015), the Ninth Circuit held that "plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA." In *Broadway Grill, Inc. v. Visa Inc.,* 856 F.3d 1274, 1279 (9th Cir. 2017), the Ninth Circuit clarified that "[i]n *Benko*, we created a small exception to the general rule that bars post-removal amendments related to jurisdiction." Under *Benko*, post-removal amendments are

---

[8] Docket 32.
[9] Docket 37. Spenard joined this motion at Docket 39.
[10] Docket 40.
[11] Docket 48.
[12] *Id.* at 2–3.
[13] *Id.* at 3.

*Faulk v Jeld-Wen, Inc. et al.*  Case No. 3:22-cv-00171-JMK
Order re Pending Motions  Page 3
Case 3:22-cv-00171-JMK   Document 59   Filed 11/07/23   Page 3 of 8

allowed solely for the purposes of "clarifying the relationship between the parties and the effect of the class claims on particular defendants."[14] *Benko* does not allow plaintiffs to "strike a new path to permit plaintiffs to amend their class definition, add or remove defendants, or add or remove claims in such a way that would alter the essential jurisdictional analysis.[15] Mindful of the narrowness of the *Benko* exception to post-removal amendments, this Court denied Plaintiffs' motion to remand and granted Plaintiffs leave to amend "solely for the purpose of adding allegations that clarify Spenard's role *in the counts alleged against Spenard*."[16] The Court warned that "any amendment falling outside the parameters set in this Order will be stricken."[17]

Plaintiffs' First Amended Complaint does not clarify Spenard's role in the counts alleged against Spenard. The amendments are mostly the addition "and Spenard" or "or Spenard" to preexisting allegations relating to JELD-WEN. The only substantive amendments suggest that Spenard was acting solely as an agent of JELD-WEN and does not identify any actions Spenard took independently of JELD-WEN.[18] In fact, the Amended Complaint *adds* allegations that Spenard marketed and sold Pozzi windows acting as an agent of JELD-WEN.[19] As the Court specified in its Order at Docket 29, "[w]here a local defendant's sole alleged conduct was undertaken as an agent of the non-local defendant," the local controversy exception does not apply.[20] But more troubling is

---

[14] *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017).
[15] *Id.*
[16] Docket 29 at 14 (emphasis added).
[17] *Id.* at 14–15.
[18] Docket 32 at 9–13.
[19] *Id.* at ¶ 16, 21.
[20] Docket 29 at 9 (citing *Busker v. Wabtec Corp.*, 750 F. App'x 522, 524 (9th Cir. 2018)).

that the First Amended Complaint adds new counts against Spenard, thus "alter[ing] the essential jurisdictional analysis."[21] Spenard was named in only three of the seven claims alleged in the original Complaint.[22] The First Amended Complaint names Spenard (often cursorily) in all seven claims and adds a claim against Wendt.[23] This is plainly improper under both *Benko* and this Court's Order at Docker 29. In short, Plaintiffs' First Amended Complaint does not do what it was meant to do—clarify the relationship between Defendants to aid the Court's jurisdictional analysis—and does exactly what it was not meant to do—greatly expand the counts alleged against Spenard in an attempt to defeat CAFA jurisdiction. Accordingly, Plaintiffs' First Amended Complaint at Docket 32 is **STRICKEN**.

B.   **Plaintiffs' Renewed Motion to Remand**

As the Court has stricken Plaintiffs' Amended Complaint, the operative pleading for the Court's jurisdictional analysis is the original Complaint. The Court already has ruled that remand is inappropriate under the original Complaint.[24] Plaintiffs' Renewed Motion to Remand at Docket 40 is based on the now-stricken First Amended Complaint. Plaintiffs' Renewed Motion to Remand therefore is **DENIED as MOOT**.

---

[21] *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017).
[22] Docket 29 at 8.
[23] Docket 32 at 9–19.
[24] Docket 29.

*Faulk v Jeld-Wen, Inc. et al.*  Case No. 3:22-cv-00171-JMK
Order re Pending Motions  Page 5
Case 3:22-cv-00171-JMK   Document 59   Filed 11/07/23   Page 5 of 8

**C.     Plaintiffs' Motion for Leave to Amend**

Plaintiffs seek to amend their Complaint to remove the class allegations and add new allegations.[25] To the extent that Plaintiffs claim this proposed amended complaint divests the Court of jurisdiction, this procedural move reeks of forum manipulation.[26] If Plaintiffs seek to destroy federal jurisdiction by eliminating the class aspect of this action, their efforts are futile. This is because jurisdiction is determined at the time of removal; therefore, post-removal developments do not defeat jurisdiction.[27] As *Broadway Grill* made clear, post-removal amendments to narrow (or eliminate) a class does not destroy CAFA jurisdiction.[28]

Although Plaintiffs' proposed amendments will not divest this Court of CAFA jurisdiction, the Court finds granting leave to amend to eliminate the class allegations proper. If Plaintiffs no longer wish to bring a class action, they should not be forced to.

Federal Rule of Civil Procedure 15(a) provides that, once the deadline to amend as a matter of course has passed, a party may amend its pleading "only with the opposing party's written consent or the court's leave."[29] "The court should freely give

---

[25] Docket 48.
[26] *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 475 n.6 (2007) (noting how removal cases may raise forum manipulation concerns).
[27] *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010).
[28] *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017); *see, e.g., In re Burlington N. Santa Fe Ry. Co.,* 606 F.3d 379, 380 (7th Cir. 2010) ("[J]urisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations.").
[29] Fed. R. Civ. P. 15(a)(2).

*Faulk v Jeld-Wen, Inc. et al.*     Case No. 3:22-cv-00171-JMK
Order re Pending Motions     Page 6
Case 3:22-cv-00171-JMK   Document 59   Filed 11/07/23   Page 6 of 8

leave when justice so requires."[30] The decision to grant or deny leave to amend rests in the "sole discretion of the trial court,"[31] though the Ninth Circuit has instructed that "[r]equests for leave should be granted with 'extreme liberality.'"[32]

Consistent with the liberal spirit of Rule 15, courts should decline to grant leave to amend only "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" (together, "the *Foman* factors").[33] Among these factors, "the consideration of prejudice to the opposing party . . . carries the greatest weight."[34] Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."[35] "The party opposing amendment bears the burden of showing prejudice."[36]

In their response in opposition, Defendants contend that allegations in the proposed Second Amended Complaint contradict allegations Plaintiffs made in their original complaint.[37] They argue that Plaintiffs made these changes to remedy fatal errors that were highlighted in prior filings.

---

[30] *Id.*
[31] *Stanton v. Battelle Energy All., LLC.*, 83 F. Supp. 3d 937, 949 (D. Idaho 2015).
[32] *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)).
[33] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[34] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).
[35] *Id.* (emphasis in the original).
[36] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).
[37] Docket 49 at 5–7.

The Court does not find any of the allegations in the proposed Second Amendment Complaint directly contradict the allegation in the Plaintiffs' original Complaint. Accordingly, Defendants have not shown that they will be prejudiced by amendment. Leave to file the proposed Second Amended Complaint is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike First Amended Class Action Complaint **GRANTED**, Plaintiffs' Motion to Remand is **DENIED as MOOT**, and Plaintiffs' Motion for Leave to File a Second Amended Complaint is **GRANTED**.

IT IS SO ORDERED this 7th day of November, 2023, at Anchorage, Alaska.

                                             */s/ Joshua M. Kindred*
                                             JOSHUA M. KINDRED
                                             United States District Judge

*Faulk v Jeld-Wen, Inc. et al.*                                            Case No. 3:22-cv-00171-JMK
Order re Pending Motions                                                  Page 8
Case 3:22-cv-00171-JMK    Document 59    Filed 11/07/23    Page 8 of 8