| | |
|---|---|
| DAVID G. FAULK, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> JELD-WEN, Inc., d/b/a Pozzi Window Company, *et al.*, <br><br> Defendants. | Case No. 3:22-cv-00171-SLG |

## ORDER REMANDING ACTION

This order resolves the following two pending motions:

1.      At Docket 106 is Defendants JELD-WEN, Inc. d/b/a Pozzi Window Company and Pozzi Window Company and Roderick C. Wendt's, JELD-WEN's owner, officer, and director, (collectively "JELD-WEN") Motion in Response to Court Order [Dkt. 104] Regarding Subject Matter Jurisdiction, which is joined by Defendant Spenard Builders Supply, LLC ("SBS" or "Spenard") at Docket 109.[1] Plaintiffs David G. Faulk and Bonnie J. Faulk (collectively "Plaintiffs") responded in opposition at Docket 114, to which JELD-WEN replied at Docket 117; and

2.      At Docket 113 is SBS's Motion in Response to Court Order re Subject Matter Jurisdiction, which is joined by JELD-WEN at Docket 116.   Plaintiffs

---

[1] JELD-WEN also filed a Memorandum of Points and Authorities in support of their Motion in Response to Court Order [Dkt. 104] Re: Subject Matter Jurisdiction at Docket 107.

responded in opposition at Docket 119, to which SBS replied at Docket 127, which reply is joined by JELD-WEN at Docket 130.

Oral argument on both motions was heard on February 25, 2026 in Anchorage, Alaska.[2]  The Court presumes familiarity with the facts and procedural history of this case but provides a brief background relating to the pending motions.

## BACKGROUND

On June 13, 2022, Plaintiffs initiated this case in the state Superior Court as a putative class action against all three named Defendants: (1) JELD-WEN; (2) Roderick C. Wendt; and (3) SBS.[3]  It appears undisputed that Plaintiffs are citizens of Alaska.[4]  Defendant JELD-WEN is a citizen of both Delaware (state of incorporation) and North Carolina (principal place of business) and Defendant Wendt is a citizen of Oregon.[5]  The parties do not dispute that Defendant SBS is a citizen of Alaska.[6]

On July 21, 2022, JELD-WEN removed this action to federal court.[7] Defendants' Notice of Removal stated that this Court had jurisdiction pursuant to 28 U.S.C. § 1332(d)(1) and (2), federal question jurisdiction, and 28 U.S.C. § 1453,

---

[2] Docket 131.

[3] Docket 1 at ¶ 1.

[4] Docket 61 at ¶ 10.

[5] Docket 1-3 (Affidavit of Andrew M. Rink in Support of Notice of Removal) at ¶¶ 4–5.

[6] *See* Docket 15-1 at 6.

[7] Docket 1 at 3–6.

the Class Action Fairness Act ("CAFA").[8]

On August 15, 2022, Plaintiffs filed a Notice of Plaintiffs' Objection to Federal Jurisdiction, a motion to remand, and a motion to stay.[9] In their motion to remand, Plaintiffs asserted that the local controversy exception to CAFA applied, requiring that this Court to remand the case back to state court.[10] Defendants opposed Plaintiffs' motion to remand, asserting that the local controversy exception did not apply because Plaintiffs' Complaint did not allege that "significant relief" was sought from SBS, the sole Alaska defendant.[11] Neither Defendant argued SBS had been fraudulently joined so as to destroy diversity jurisdiction.[12]

On January 12, 2023, this Court found that the local controversy exception to CAFA did not apply and denied Plaintiffs' motion to remand but granted Plaintiffs' leave to file an amended complaint.[13] The order stated "that the allegations regarding Spenard in the Complaint are vague and there is a possibility that, with some clarification of Spenard's role, the local controversy analysis may

---

[8] Docket 1 at ¶ 3.

[9] Docket 14; Docket 15; Docket 16.

[10] Docket 14 at 1–2; Docket 15-1 at 1–7.

[11] Docket 20 at 8–12; Docket 23 at 6.

[12] *See e.g.*, Docket 20 at 10–11 ("Plaintiffs' only apparent basis for including Spenard as a Defendant is that they purchased the purportedly defective JELD-WEN windows from Spenard."); *see also* Docket 114 at 24 ("Defendants removed solely on CAFA grounds and did not assert fraudulent joinder in their Notice of Removal, their oppositions to either Motion to Remand, or at the November 9, 2022 hearing.").

[13] Docket 29 (Ord. Denying Plaintiffs' Motion to Remand) at 13–14.

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 3 of 29
Case 3:22-cv-00171-SLG    Document 133    Filed 07/30/26    Page 3 of 29

be altered."[14]   Observing that "Spenard is named in several counts, but the relationship between Plaintiffs and Spenard and between JELD-WEN and Spenard is unclear," the Court granted Plaintiffs "leave to amend their Complaint solely for the purpose of adding allegations that clarify Spenard's role in the counts alleged against Spenard."[15]

On February 16, 2023, Plaintiffs filed their First Amended Class Action Complaint ("FAC").[16]  On March 13, 2023, JELD-WEN moved to strike Plaintiffs' FAC, arguing that the amendments exceeded the scope of the Court's order granting leave to amend.[17]

On March 20, 2023, Plaintiffs filed a renewed motion to remand, asserting that based on the allegations in their FAC, the local controversy exception to CAFA applied.[18]   Again, Defendants opposed Plaintiffs' motion to remand, but did not assert that SBS had been fraudulently joined.[19]

On June 2, 2023, Plaintiffs filed a motion for leave to file a Second Amended

---

[14] Docket 29 at 13.

[15] Docket 29 at 14. The order also stated that "Plaintiffs' leave to amend is narrow, and any amendment falling outside the parameters set in this Order will be stricken." Docket 29 at 14–15.

[16] Docket 32 (First Am. Class Action Compl.) at ¶¶ 28-29.

[17] Docket 37 at 2–3; Docket 38 at 4–6. SBS joined JELD-WEN's motion to strike. Docket 39.

[18] Docket 40 at 1; Docket 41 at 3–7.

[19] *See* Docket 45 at 5-19.  SBS joined JELD-WEN's opposition to Plaintiffs' renewed motion to remand.  Docket 46 at 1.

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 4 of 29
Case 3:22-cv-00171-SLG     Document 133     Filed 07/30/26     Page 4 of 29

Complaint ("SAC").[20]  The proposed SAC removed all the class action allegations, but retained all three of the originally named Defendants, including SBS, as Defendants.[21]

On November 7, 2023, this Court granted Defendants' motion to strike the FAC and denied Plaintiffs' motion to remand.[22]  The Court found that Plaintiffs' multiple amendments in the FAC improperly and "greatly expand[ed] the counts alleged against Spenard in an attempt to defeat CAFA jurisdiction."[23]  Because the FAC was stricken, the Court reaffirmed its earlier ruling that remand of the action was "inappropriate under the original complaint."[24]  In the November 7, 2023 order, the Court also granted Plaintiffs' motion for leave to file the SAC.[25]

On November 20, 2023, Plaintiffs filed their SAC, which, as noted above, removed the class action claim in its entirety and contained only state law claims.[26]

---

[20] Docket 48 at 3.

[21] Docket 48-1 (Second Am. Compl.) at 1–16.

[22] Docket 59 at 8.

[23] Docket 59 at 5.

[24] Docket 59 at 5 (citing Docket 29) (Order Denying Motion to Remand). The Court applied then controlling Ninth Circuit law—that "post-removal amendments to narrow (or eliminate) a class does not destroy" federal jurisdiction—which is determined at time of removal. Docket 59 at 6(citing *Broadway Grill, Inc. v. Visa Inc*., 856 F.3d 1274, 1279 (9th Cir. 2017)). *See also* Docket 59 at 3–6 (first citing *Benko v. Quality Loan Serv. Corp.,* 789 F.3d 1111, 1117 (9th Cir. 2015); and then citing *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017)).

[25] Docket 59 at 6 ("Although Plaintiffs' proposed amendments will not divest this Court of CAFA jurisdiction, the Court finds granting leave to amend to eliminate the class allegations proper.  If Plaintiffs no longer wish to bring a class action, they should not be forced to.").

[26] Docket 61.

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 5 of 29
Case 3:22-cv-00171-SLG     Document 133     Filed 07/30/26     Page 5 of 29

On December 4, 2023, JELD-WEN filed a motion to dismiss the SAC, which was joined by SBS.[27]  On May 24, 2024, this Court granted JELD-WEN's motion to dismiss the SAC with prejudice and without leave to amend, finding that all of Plaintiffs' claims in the SAC were barred by the statute of limitations and therefore failed to state a claim against all three Defendants.[28]  Plaintiffs timely appealed.[29]

While the appeal was pending, the Supreme Court decided *Royal Canin U.S.A., Inc. v. Wullschleger*, which altered the jurisdictional analysis applicable to cases removed to federal court after amendment of a plaintiff's complaint.[30]  In *Royal Canin*, the plaintiff brought a putative class action in state court asserting both federal and state law claims arising out of the same facts.[31]  The defendant removed the case to federal court on the basis of federal question jurisdiction.[32]  In response, the plaintiff amended her complaint to "delete all the federal-law claims, leaving nothing but state-law claims behind," and then moved to remand.[33]  The Supreme Court held that "[w]hen a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves. And with any federal anchor

---

[27] Docket 65; Docket 68.

[28] Docket 82 at 16–27.

[29] Docket 91.

[30] 604 U.S. 22 (2025).

[31] *Id.* at 28.

[32] *Id.*

[33] *Id.* at 25, 29.

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 6 of 29
Case 3:22-cv-00171-SLG    Document 133    Filed 07/30/26    Page 6 of 29

gone, supplemental jurisdiction over the residual state claims disappears as well."[34] "The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started."[35]

The Ninth Circuit applied this new jurisdictional rule in *Walker v. State*.[36] Although *Walker*'s two holdings primarily concerned Rule 15 and supplemental jurisdiction, which are not at issue here, *Walker* "recognized that *Royal Canin* overruled our prior precedent holding that post-removal amendments do not undermine federal jurisdiction."[37]

On November 14, 2025, the Ninth Circuit issued its opinion in this case and held that under *Royal Canin,* the district court lacked subject matter jurisdiction; "[b]ecause the Faulks, an Alaska couple, also sued Spenard, an Alaska corporation, complete diversity is lacking. *See* [28 U.S.C.] § 1332(a)(1). With no diversity or federal question jurisdiction, no 'original jurisdiction' remains. Without another basis for federal jurisdiction, '[t]he case must therefore return to state court.' *Royal Canin*, 604 U.S. at 26[.]"[38]

---

[34] *Id.* at 39.

[35] *Id.*

[36] 158 F.4th 971 (9th Cir. 2025).

[37] *Faulk v. JELD-WEN, Inc.*, 159 F.4th 618, 620 (9th Cir. 2025) (citing *Walker v. State*, 158 F.4th 971 (9th Cir. 2025)); *see Walker*, 158 F.4th at 970 ("*Royal Canin* undid *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, our circuit precedent holding to the contrary—namely, that the availability of supplemental jurisdiction depended on the allegations in the complaint at the time of removal, and that subsequent amendments did not eliminate the district court's ability to exercise supplemental jurisdiction.").

[38] *Faulk*, 159 F.4th at 625 (footnote omitted); *see also id.* at 624 ("*Broadway Grill*'s holding that

The Ninth Circuit vacated this Court's order dismissing the SAC and remanded with instructions for this Court "to remand to state court, unless Defendants establish another basis for federal subject matter jurisdiction."[39]  The Ninth Circuit "le[ft] it to the discretion of the district court to determine whether it is appropriate to entertain Spenard's fraudulent joinder claim, raised for the first time at oral argument" before the Circuit.[40]

After the Ninth Circuit issued its mandate, on December 9, 2025, this Court issued an order stating that the case would be remanded to the state court unless Defendants identified another basis for federal subject matter jurisdiction.[41]

JELD-WEN and SBS now claim that SBS was fraudulently joined.[42] Defendants assert that the Court should find that it has subject matter jurisdiction because if SBS is dismissed or its citizenship disregarded, there is complete diversity as between Plaintiffs and JELD-WEN.[43]

## LEGAL STANDARD

"Federal courts 'are all of limited jurisdiction, and their proceedings are

---

the complaint at the time of removal 'remained the only one which should have been considered for determining the existence of minimal diversity,' 856 F.3d at 1279, conflicts directly with *Royal Canin*.").

[39] Docket 102; *Faulk*, 159 F.4th at 625.

[40] *Faulk*, 159 F.4th at 625.

[41] Docket 104 at 1.

[42] *See e.g.*, Docket 113 at 1–2, Docket 107 at 14–15.

[43] Docket 113 at 12; Docket 117 at 6–7.

erroneous, if the jurisdiction be not shown upon them.'"[44]

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to the appropriate federal district court when that district court has original jurisdiction. Original jurisdiction in civil cases generally arises from diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Pursuant to 28 U.S.C. § 1446, a defendant seeking removal must file "a short and plain statement of the grounds for removal" within 30 days after receipt or service. "The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.'"[45]

The removal statute is "strictly construed" against removal and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[46] "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'"[47] Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears

---

[44] *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421, 428 (2026) (quoting *Kempe's Lessee* v. *Kennedy*, 9 U.S. (5 Cranch) 173, 185 (1809) (Marshall, C.J.)).

[45] *ARCO Environmental Remediation v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988)).

[46] *Lake v. Ohana Mil. Cmtys., LLC*, 14 F.4th 993, 1000 (9th Cir. 2021) (internal quotation marks omitted) (first quoting *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); and then quoting *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989)).

[47] *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 9 of 29
Case 3:22-cv-00171-SLG    Document 133    Filed 07/30/26    Page 9 of 29

that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.

## DISCUSSION

In their respective motions, JELD-WEN and SBS maintain that Plaintiffs have no viable claim against SBS, such that SBS was fraudulently joined, its citizenship should be disregarded, and this Court has diversity jurisdiction over Plaintiffs' claims against JELD-WEN.[48]

Plaintiffs respond that as masters of their complaint, they "have declined to establish federal subject matter jurisdiction, as is their right," which should end the jurisdictional inquiry.[49]   Further, Plaintiffs assert that "because fraudulent joinder was not raised in the notice of removal or by [Defendants] previously [in their oppositions to Plaintiffs' motions to remand], it cannot be relied on now."[50]

Responding to Plaintiffs' waiver argument, JELD-WEN and SBS both assert that fraudulent joinder is a jurisdictional inquiry that is now properly before the

---

[48] Docket 113 at 1–2; Docket 106 at 2.

[49] Docket 119 at 13–14.

[50] Docket 119 at 14; *see also* Docket 114 at 10 ("[JELD-WEN] is precluded from raising a new basis for jurisdiction that was not stated in its Notice of Removal.").

JELD-WEN and SBS both also assert that Plaintiffs have failed to allege a viable claim against SBS. Docket 113 at 3; Docket 107 at 7–14.  Because the Court finds that the assertion of fraudulent joinder is untimely, the Court declines to reach the parties' arguments concerning the statute of limitations defense and the promissory estoppel and equitable estoppel arguments. *See infra* Section IV.

Court.[51] JELD-WEN contends that "the Ninth Circuit expressly invited its consideration" of fraudulent joinder as a basis for federal jurisdiction in its opinion.[52] And while SBS acknowledges that the Ninth Circuit "left to this Court's discretion whether to entertain Spenard's fraudulent joinder argument," SBS similarly maintains that the Ninth Circuit's "directive would be meaningless if fraudulent joinder were categorically waived by its omission from the notice of removal."[53]

## I. Scope of Remand

In determining the scope of remand, a lower court "must first apply the rule of mandate."[54] The rule provides that a "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it."[55] However, a lower court's decision after remand may not be "counter to the spirit of the circuit court's decision."[56] In this case, the mandate simply made the Circuit Court's judgment effective;[57] accordingly, the Court consults the Ninth Circuit's opinion "to ascertain what was intended by its mandate."[58]

---

[51] Docket 117 at 2; Docket 127 at 2.

[52] Docket 117 at 3.

[53] Docket 127 at 3.

[54] *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000).

[55] *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (citation omitted).

[56] *Kellington,* 217 F.3d at 1093 (citation omitted).

[57] Docket 103 (USCA Mandate).

[58] *Kellington*, 217 F.3d at 1093 (quoting *In re Sanford Fork & Tool Co.,* 160 U.S. 247, 256

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 11 of 29

The Ninth Circuit's opinion contains two directives on remand. First, the final sentence of the opinion states: "Accordingly, we vacate and remand with instructions for the district court to remand to state court, unless Defendants establish another basis for federal subject matter jurisdiction."[59] Second, the final sentence of the penultimate paragraph states: "We leave it to the district court to determine whether it is appropriate to entertain Spenard's fraudulent joinder claim, raised for the first time at oral argument."[60]

The Court finds that JELD-WEN's characterization of the mandate—that this Court, "at the direction of the Ninth Circuit, has the obligation to evaluate fraudulent joinder, regardless of whether it appeared in the original Notice of Removal"—is inconsistent with the mandate.[61] The directive "to determine whether it is appropriate to entertain" does not use mandatory language that requires this Court to address SBS's fraudulent joinder claim on remand.[62] Accordingly, the Court will consider Plaintiffs' waiver argument.

## II.     The Operative Complaint

Plaintiffs emphasize that "[t]he plaintiff is 'the master of the complaint,' and therefore controls much about her suit," and that here, Plaintiffs "have declined to

---

(1895)).

[59] *Faulk*, 159 F.4th at 625.

[60] *Id.*

[61] Docket 117 at 3.

[62] *Faulk*, 159 F.4th at 625; Docket 117 at 3.

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 12 of 29
Case 3:22-cv-00171-SLG     Document 133     Filed 07/30/26     Page 12 of 29

establish federal subject matter jurisdiction, as is their right."[63]  The Court agrees

with Plaintiffs on this point.  "When a plaintiff amends her complaint following her

suit's removal, a federal court's jurisdiction depends on what the new complaint

says."[64]  Here, the SAC, the operative complaint, alleges only state law claims and

includes a non-diverse defendant.[65]

### III.    Waiver

#### a.    Notice of Removal

Plaintiffs assert that Defendants cannot maintain that SBS was fraudulently

joined at this time because they did not raise the issue in their Notice of Removal.[66]

It is undisputed that the Notice of Removal did not assert that SBS's Alaskan

citizenship should be disregarded because it was fraudulently joined as a

defendant.  Nor did the Notice of Removal cite to the complete diversity jurisdiction

statute, 28 U.S.C. § 1332(a), as a jurisdictional basis.[67]  Rather, the Notice of

Removal asserted CAFA as the sole basis for federal jurisdiction pursuant to 28

---

[63] Docket 119 at 13; *Royal Canin*, 604 U.S. at 35 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–399 (1987)).

[64] *Faulk*, 159 F.4th at 620 (quoting *Royal Canin*, 604 U.S. at 30).

[65] Docket 61 (Second Am. Compl.); *see Royal Canin*, 604 U.S. at 36 (holding that when a plaintiff originally "files a suit in federal court based on federal claims and later scraps those claims, the federal court cannot go forward with a now all-state-claim suit").

[66] Docket 119 at 14–16.

[67] *See* Docket 1 at 3 ("The Required Minimal Diversity [under CAFA] Exists Between the Parties"); Docket 1 at ¶ 4 (citing 28 U.S.C. § 1332(d)(2)(A)); *see also* Docket 14 at 1 ("Complete diversity does not exist as Defendant Spenard Builders Supply, LLC is an Alaska domestic limited liability company."); 28 U.S.C. § 1332(d)(4).

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 13 of 29
Case 3:22-cv-00171-SLG     Document 133     Filed 07/30/26     Page 13 of 29

U.S.C. § 1332(d)(1) and (2), and 28 U.S.C. § 1453.[68]  Despite years of significant

motions practice, neither JELD-WEN nor SBS asserted SBS's fraudulent joinder

until oral argument before the Ninth Circuit on August 15, 2025.

JELD-WEN and SBS assert that the Notice of Removal did not need to raise

fraudulent joinder because: (1) a defendant is "not required to plead all alternative

jurisdictional doctrines, especially not those that were legally unnecessary under

the jurisdictional case law at the time";[69] and (2) "Plaintiffs' waiver theory also

ignores the intervening change in controlling law."[70]

Plaintiffs cite to *City of Oakland v. BP PLC* for the proposition that a

jurisdictional basis that is not asserted in the notice of removal is waived and

cannot be later asserted.[71]  As explained by the Circuit Court:

> The [defendants] identified six alternate bases for subject-matter
> jurisdiction in their notices of removal . . . On appeal, the [defendants]
> identified admiralty jurisdiction, 28 U.S.C. § 1333, as a seventh
> alternate basis for jurisdiction. As the [plaintiffs] point out, however,
> the [defendants] waived any argument related to admiralty jurisdiction
> by not invoking it in their notices of removal. *See* 28 U.S.C. § 1446(a)

---

[68] Docket 1 at ¶ 3; *see also* Docket 114 at 24 ("Defendants removed solely on CAFA grounds and did not assert fraudulent joinder in their Notice of Removal, their oppositions to either Motion to Remand, or at the November 9, 2022 hearing.").

[69] Docket 127 at 2.  SBS does not cite to any legal authority in support of this proposition.  SBS also maintains that because the Notice of Removal asserted there was minimum diversity under CAFA, the question of diversity jurisdiction has always been before the Court. Docket 132 at 6–7.

[70] Docket 127 at 3 ("Only after *Royal Canin* did the jurisdictional framework shift in a manner that required consideration of alternative bases for federal jurisdiction.").

[71] Docket 119 at 15–16 (first citing *City of Oakland v. BP PLC*, 960 F.3d 570, 576 (9th Cir. 2020), *opinion amended and superseded on denial of reh'g*, 969 F.3d 895 (9th Cir. 2020); and then citing *City of Oakland*, 969 F.3d at 901 n.12).  This order will cite only to the Ninth Circuit's amended opinion.  Defendants did not address *City of Oakland* in their respective reply briefs.

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 14 of 29

(notice of removal must "contain[ ] a short and plain statement of the grounds for removal"); [*ARCO Environmental Remediation*], 213 F.3d at 1117 (notice of removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period" (citation omitted)); *O'Halloran*, 856 F.2d at 1381 (same). Because the deadline for amending the notices of removal has passed, the [defendants] may not rely on admiralty jurisdiction as a basis for removal on remand.[72]

Having determined that the defendants waived any argument for removal based on admiralty jurisdiction, the Ninth Circuit "remand[ed] these cases to the district court to determine whether there was an alternative basis for jurisdiction" in any of the six bases that were asserted in the defendants' notices of removal.[73]

Plaintiffs also cite to three district court cases for the proposition that district courts "consistently find waiver when fraudulent joinder is not timely raised in the original notice of removal."[74] In *Suckoll v. Walmart, Inc*., the plaintiff, a citizen of Hawaii, brought three state law employment claims against her diverse employer, Walmart, and her non-diverse immediate supervisor.[75] After service of the complaint solely on Walmart, Walmart removed the action to federal court on the basis of diversity jurisdiction; it argued there was diversity jurisdiction because the other defendant, a citizen of Hawaii, had not yet been served. The plaintiff moved

---

[72] *City of Oakland,* 969 F.3d at 911 n.12 (internal citation omitted).

[73] *Id.* at 911.

[74] Docket 119 at 16–18 (first citing *Suckoll v. Walmart, Inc*., Case No. 21-CV-00385-DKW-KJM, 2021 WL 5217622 (D. Haw. Nov. 9, 2021); then citing *Prado v. Dart Container Corp. of California*, 373 F. Supp. 3d 1281 (N.D. Cal. 2019); and then citing *Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117 (N.D. Cal. 2011)).

[75] *Suckoll*, 2021 WL 5217622, at *1–2.

to remand to state court for lack of complete diversity. Then, "57 days after service of the Complaint and well beyond Section 1446's 30-day cut-off," Walmart first argued that the non-diverse supervisor defendant had been fraudulently joined.[76]

The District of Hawaii remanded the case to Hawaii state court. On the fraudulent joinder issue, the district court found that "Walmart waived its claim of fraudulent joinder by failing to timely present that basis for removal."[77] The district court noted that "[i]n its Notice of Removal, Walmart never mentioned fraudulent joinder; it premised removal on non-service [of the non-diverse defendant] alone."[78] The court added, "[m]any other district courts have held likewise" that "[f]raudulent joinder is an entirely new basis for removal based on diversity that is waived if not timely raised."[79]

In *Graybill-Bundgard v. Standard Insurance Co.*, a California plaintiff sued a Minnesota-domiciled corporate defendant and a California state Commissioner.[80]

---

[76] *Id.* at *2–3.

[77] *Id.* at *3.

[78] *Id.*

[79] *Id.* (first citing *Dasilva v. Germany*, 514 F. Supp. 3d 393, 399 (D. Mass. 2021); then citing *Ramirez v. McMoRan Expl. Co.*, 2011 WL 3324320 at *3 (W.D. Tex. 2011) (holding defendant could not raise fraudulent joinder anew "in response to a well-crafted motion to remand" and compiling seven other district court cases holding the same); then citing *Sullivan v. BNSF Ry. Co.*, 447 F. Supp. 2d 1092, 1099 (D. Ariz. 2006) ("It would be a substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground.") (citation omitted); and then citing *Castle v. Laurel Creek Co., Inc.*, 848 F. Supp. 62, 66 (S.D.W. Va. 1994)).

[80] 793 F. Supp. 2d 1117, 1119 (N.D. Cal. 2011).

After the non-diverse California defendant was dismissed without leave to amend in the state court, the Minnesota corporate defendant filed a notice of removal, asserting there was federal jurisdiction because there was now complete diversity and the removal notice was not untimely because the California Commissioner had been fraudulently joined.[81]

In granting the plaintiff's motion to remand, the district court found that "Defendant's fraudulent joinder argument is flawed procedurally because its removal is untimely and substantively because Plaintiff had a possible cause of action against the Commissioner."[82] On the procedural issue, the district court noted that the defendant "was able to determine that the Commissioner was fraudulently joined when it was served with the complaint on October 28, 2010," but "[s]ince Defendant filed its notice of removal three and one-half months after service, its assertion of fraudulent joinder is untimely."[83]

Plaintiffs also cite to *Prado v. Dart Container Corp. of California*.[84] In *Prado*, the plaintiff, a California citizen, filed a putative class action in state court against a California corporation.[85] The defendant filed a notice of removal with the federal

---

[81] *Id.*

[82] *Id.* at 1119–1120.

[83] *Id.* at 1120 (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 n.4 (7th Cir. 1992)).

[84] Docket 119 at 16 (citing *Prado v. Dart Container Corp. of California*, 373 F. Supp. 3d 1281, 1284 (N.D. Cal. 2019)).

[85] *Prado*, 373 F. Supp. 3d at 1284.

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 17 of 29
Case 3:22-cv-00171-SLG    Document 133    Filed 07/30/26    Page 17 of 29

court pursuant to CAFA. The plaintiff moved to remand on the grounds that the defendant's notice of removal was untimely because it had not been filed until 31 days after the plaintiff had served the defendant with the complaint.[86]

The district court first found that the defendant's notice of removal was untimely because it was not filed within the requisite 30 days after service.[87] The district court also denied the defendant's motion for leave to file an amended notice of removal that attempted to assert that the original complaint was "indeterminate" and hence the action was not removable until an amended complaint was filed.[88] In rejecting that argument, the district court reasoned that if it were to rule otherwise, "a defendant could state one timeliness ground in its notice of removal and then, once challenged, later attempt to rely on an entirely different basis for removal."[89]

At the February 25, 2026 oral argument in this case, Plaintiffs also cited to *Coastal Construction Company, Inc.* for the same proposition—that fraudulent joinder is waived if not initially raised in the notice of removal.[90] There, the diverse

---

[86] *Id*. at 1285.

[87] *Id*.

[88] *Id*. at 1286 (citing *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013)).

[89] *Id*. at 1287 (citing *O'Halloran*, 856 F.2d at 1381.

[90] Docket 132 at 28–29; *Coastal Const. Co., Inc. v. N. Am. Specialty Ins. Co.*, Case No. CIV. 11-00115 HG-BMK, 2011 WL 1637467, at *3 (D. Haw. Apr. 29, 2011), *report and recommendation adopted sub nom. Costal Const. Co., Inc. v. N. Am. Specialty Ins. Co.*, Case No. CIV. 11-00115 HG-BMK, 2011 WL 2037602 (D. Haw. May 24, 2011)).

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 18 of 29
Case 3:22-cv-00171-SLG     Document 133     Filed 07/30/26     Page 18 of 29

defendant filed a notice of removal and then an amended notice of removal, which both stated that the non-diverse defendant's citizenship should be disregarded because that defendant should be dismissed under Federal Rules of Civil Procedure 19 and 21 as a non-indispensable party. The plaintiff moved to remand; in its opposition, the defendant asserted for the first time that the non-diverse defendant had been fraudulently joined. In granting the motion to remand, the District of Hawaii rejected the defendant's fraudulent joinder argument on timeliness grounds since "neither Notice [of removal] mentions fraudulent joinder."[91]

"[C]ourts have permitted defendants to amend notices of removal premised on diversity jurisdiction to correct technical defects in the facts related to diversity."[92] However, Defendants do not assert that they are attempting to correct technical defects that might warrant the retention of federal jurisdiction.[93] Rather, Defendants appear to assert that they should be able to raise their fraudulent joinder argument now because they could not have reasonably predicted that the

---

[91] *Id.* at *5.

[92] *Prado*, 373 F. Supp. 3d at 1287–88 (citing *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969); *Kacludis v. GTE Sprint Commc'ns Corp.,* 806 F. Supp. 866, 869 (N.D. Cal. 1992) (granting motion to correct notice of removal that stated only one defendant's state of citizenship at the time of filing, but not at the time of removal, as is required)).

[93] *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court.") (alteration in original and internal quotation marks omitted); *Barrow,* 418 F.2d at 317 ("[T]he removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made.").

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 19 of 29

Supreme Court would decide *Royal Canin* the way it did so as to destroy this Court's subject matter jurisdiction when Plaintiffs abandoned their class action claims.

Yet *City of Oakland*, *Suckoll*, *Prado*, *Graybill-Bundgard*, and *Coastal Construction* all mandate strict adherence to 28 U.S.C. § 1446(b)'s requirements in the notice of removal. The instant case is much like *City of Oakland*: The admiralty law basis for jurisdiction asserted there on appeal was not one of the original six timely asserted bases for removal jurisdiction, and as a result, the Ninth Circuit held that "[b]ecause the deadline for amending the notices of removal has passed, the [defendants] may not rely on admiralty jurisdiction as a basis for removal on remand."[94] Here, SBS first raised its fraudulent joinder argument on August 15, 2025, during oral argument before the Ninth Circuit—more than three years after the Notice of Removal was filed in this Court in July 2022.[95]

In *Graybill-Bundgard*, the district court found that fraudulent joinder was untimely under 28 U.S.C. § 1446(b) when it was raised three and one half months after service.[96] Even a notice of removal that was filed one day late was considered untimely in *Prado*. Like the defendant in *Prado*, who sought "to amend

---

[94] *City of Oakland*, 969 F.3d at 911 n.12; *see* Docket 119 at 16.

[95] At oral argument before the Ninth Circuit, only SBS, not JELD-WEN, raised the fraudulent joinder issue. Oral Argument at 23:15-27:54, 32:31-33:12, *Faulk v. Jeld-Wen, Inc.*, Case No. 24-4078 (9th Cir. Aug. 15, 2025); *see also Faulk*, 159 F.4th at 625.

[96] 793 F.Supp.2d at 1120.

its notice of removal to rely on an entirely different timeliness ground not stated in the original notice of removal,"[97] here, neither JELD-WEN nor SBS can proceed on an entirely new basis for this Court to exercise subject matter jurisdiction at this time.

SBS is correct that CAFA's minimal diversity requirement, which "does not depend on disregarding the citizenship of any defendant," "supplied an independent basis for federal jurisdiction" when the Notice of Removal was filed in 2022.[98] SBS is similarly correct that "[a]t the time of removal and throughout the early stages of this case, jurisdiction rested on Class Action Fairness Act principles that were later abrogated by the Supreme Court's decision in [*Royal Canin*]."[99]

The Court acknowledges that the jurisdictional impact of *Royal Canin* on this case was likely unforeseeable in July 2022. Although the minimal diversity requirement under CAFA established subject matter jurisdiction when the original Complaint was filed, so too could JELD-WEN have asserted in its Notice of Removal that SBS had been fraudulently joined as a separate basis for removal jurisdiction based on complete diversity. This new jurisdictional basis cannot be

---

[97] *Prado*, 373 F. Supp. 3d at 1288 (citing *Bicek v. C & S Wholesale Grocers, Inc.*, Case No. 2:13-CV-00411-MCE-KJN, 2013 WL 4009239, at *4 (E.D. Cal. Aug. 5, 2013) (denying motion to amend notice of removal where a defendant wished to "assert totally new grounds for removal")).

[98] Docket 127 at 2.

[99] Docket 127 at 3.

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 21 of 29

added years after the 30-day window elapsed in July 2022.[100]

Recently, the Supreme Court strictly applied the removal statute. On April 22, 2026, in *Enbridge Energy, LP v. Nessel*, the Supreme Court held that the 30-day time limit for removal under 28 U.S.C. § 1446(b), while not jurisdictional, is mandatory, and, as a result, not subject to equitable tolling.[101] Although *Enbridge* considered a different question, the decision stresses that the 30-day deadline in the removal statute must be strictly applied because the "provision speaks in strict, mandatory terms."[102] Further, the Court reasoned that the failure to abide by "§ 1446(b)(1)'s deadline would undermine Congress's manifest interest in resolving threshold removal questions early and conclusively."[103]

SBS asserts that "there was no need, and no procedural occasion, to invoke fraudulent joinder at removal."[104] Defendants may well have decided there was no need to raise the fraudulent joinder issue in the Notice of Removal given the class action allegations and CAFA's limited diversity requirement. Nonetheless, the Notice of Removal was the procedural occasion to raise fraudulent joinder as an

---

[100] *O'Halloran*, 856 F.2d at 1381 (A notice of removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.").

[101] 608 U.S. ——, 146 S.Ct. 1074, 1079 (2026) ("Because § 1446(b)(1)'s text, structure, and context are inconsistent with equitable tolling, Enbridge's removal was untimely and remand to the Michigan state court is required.").

[102] *Id.* at 1082.

[103] *Id.* at 1084.

[104] Docket 127 at 2.

alternative basis for federal jurisdiction, which Defendants failed to do.[105]

### b.   Jurisdictional Inquiry

SBS contends that "the application of the fraudulent joinder doctrine has not been waived by the timing of its presentation" because "[s]ubject matter jurisdiction cannot be created, or destroyed, by waiver, consent, or forfeiture, and a federal court has an independent obligation to assess its jurisdiction at every stage of the proceedings."[106]   JELD-WEN similarly maintains that "[f]raudulent joinder is a jurisdictional inquiry that may be raised <u>at any time</u> and is not subject to waiver."[107]

The Court disagrees.  A federal court must dismiss or remand a matter to state court at any time if it determines it *lacks* jurisdiction.[108]   Defendants are attempting to stand that principle on its head by seeking to apply it to *establish* subject matter jurisdiction on a new basis years after Plaintiffs initiated this case in the state court.

JELD-WEN cites to *Hampton-Stein v. Aviation Financial Group*, an

---

[105] *See Barrow Dev. Co.*, 418 F.2d at 317; *see also Graybill–Bundgard*, 793 F. Supp. 2d at 1120 (finding defendant's "fraudulent joinder argument [to be] flawed procedurally because its removal [was] untimely" where alleged fraudulent joinder could have been recognized from the complaint).

[106] Docket 113 at 11; Docket 127 at 3 (citing Fed. R. Civ. P. 12(b)(1)).

[107] Docket 117 at 2 (emphasis in original) (citing *GranCare, LLC v. Thrower,* 889 F.3d 543, 549 (9th Cir. 2018) ("contrasting the legal standard for fraudulent joinder, 'a jurisdictional inquiry,' with the legal standard for Rule 12(b)(6))")).

[108] *See Royal Canin*, 604 U.S. at 39 ("The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Royal Canin*, 604 U.S. at 32 ("[C]ourts look to the amended complaint to determine jurisdiction.").

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 23 of 29

unpublished district court order, for the proposition that "[c]ourts in the Ninth Circuit may *sua sponte* dismiss a nondiverse party post-removal by finding that the party was fraudulently joined."[109]  But in *Hampton-Stein*, unlike here, the defendant asserted that the non-diverse defendant was a "'sham' defendant" in its timely notice of removal.[110]  *Hampton-Stein* also relied on *Sams v. Beech Aircraft Corp.*[111]  Yet *Beech Aircraft Corp.* is inapplicable because that case concerned Rule 21, not fraudulent joinder.[112]

Next, JELD-WEN cites *Charlin v. Allstate Insurance Co.* for the proposition that "[w]here a defendant raises fraudulent joinder, federal courts may look beyond the pleadings to determine whether the challenged joinder was in fact a sham or fraudulent device to prevent removal."[113]  But in *Charlin*, as in *Hampton-Stein*, the issue of fraudulent joinder was raised at the very outset of the case.[114]  The time for SBS and JELD-WEN to have asked this Court to look beyond the pleadings to

---

[109] Docket 117 at 2 & n.3 (first citing *Hampton-Stein v. Aviation Fin. Grp.,* Case No. 10-CV-03897-RGK-PJWX, 2010 WL 11601046, at *3 (C.D. Cal. July 30, 2010); and then citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

[110] *Hampton-Stein,* 2010 WL 11601046, at *3 (quoting *Ritchey*, 139 F.3d at 1318-19).

[111] *See Hampton-Stein,* 2010 WL 11601046, at *2 (quoting *Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980)).

[112] *Beech Aircraft Corp.*, 625 F.2d at 277 ("Rule 21 grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19.")); *see* Fed. R. Civ. P. 21 ("[T]he court may at any time, on just terms, add or drop a party.").

[113] Docket 117 at 2–3 (citing *Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998)).

[114] *Charlin*, 19 F. Supp. 2d at 1139.

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 24 of 29

determine if SBS was fraudulently joined was in 2022, not on remand from the Ninth Circuit.

Here, the Ninth Circuit directed this Court to remand to the state court "unless Defendants establish another basis for federal subject matter jurisdiction."[115] While Defendants are correct that "[s]ubject-matter jurisdiction can never be waived or forfeited," that rule applies when a party is asserting that the federal court lacks subject matter jurisdiction—not, as Defendants argue here, to establish a new basis of federal subject matter jurisdiction.[116]

### c. *Hain Celestial Group, Inc. v. Palmquist*

At oral argument, SBS asserted that *Hain Celestial Group, Inc. v. Palmquist*, issued by the Supreme Court just the day before, had persuasive effect in favor of this Court retaining jurisdiction.[117] *Hain* held that "a district court's erroneous dismissal of a nondiverse party before final judgment can[not] cure a jurisdictional defect that existed when the case was removed to federal court."[118] SBS emphasized the following portion of the decision:

> If the court of appeals concludes that the district court lacked jurisdiction over the case when it was filed in or removed to federal court, then the court of appeals typically must vacate any judgment

---

[115] *Faulk*, 159 F.4th at 625.

[116] *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented. . . . The objections may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety.").

[117] 607 U.S. 421, 428 (2026); Docket 132 (Oral Arg. Transcript) at 18, 22.

[118] *Hain*, 607 U.S. at 424.

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 25 of 29
Case 3:22-cv-00171-SLG    Document 133    Filed 07/30/26    Page 25 of 29

on the merits. See *Williams v. Zbaraz*, 448 U.S. 358, 368 (1980); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18 (1951).

There is, however, one exception to the general rule relevant to this case. If a district court "cures" a jurisdictional defect prior to final judgment, then the court of appeals is not required to vacate that judgment even if, at some earlier point in the case, the district court lacked jurisdiction.[119]

SBS maintains that in *Hain*, the Supreme Court is directing district courts to fix jurisdictional defects whenever feasible.[120]

In *Hain*, the diverse defendant removed a case to federal court even though there was not complete diversity at the time of removal. Again, unlike the case here, the defendant in *Hain* timely asserted that the non-diverse defendant had been improperly joined in its notice of removal.[121] The district court agreed with the defendant and dismissed the non-diverse defendant and denied the plaintiffs' motion to remand. The case then proceeded to trial against the diverse defendant. On appeal, the plaintiff prevailed on its argument that the district court had erred in dismissing the non-diverse defendant. The Supreme Court held that the district court's erroneous dismissal of the non-diverse defendant did not "cure" the lack of

---

[119] Docket 132 (Oral Arg. Transcript) at 17–18 (citing *Hain*, 607 U.S. at 428) ("I think [these two sentences in subsection (a) of the opinion are a] pretty strong indication that the U.S. Supreme Court is directing us here to fix jurisdiction first before we dismiss a defendant from this case."); *see also* Docket 132 (Oral Arg. Transcript) at 23 ("Especially in light of *Hain Celestial Group*, I think this particular case, strongly suggests -- not only suggests, it mandates that the Court maintain jurisdiction, and you can dismiss defendants and still maintain jurisdiction.")..

[120] Docket 132 (Oral Arg. Transcript) at 17–18.

[121] *Hain,* 607 U.S. at 426. The Supreme Court in *Hain* did not evaluate whether the district court's improper joinder decision was correct.

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 26 of 29
Case 3:22-cv-00171-SLG     Document 133     Filed 07/30/26     Page 26 of 29

diversity of citizenship that existed at the time of removal and thus affirmed the Circuit Court's decision vacating the judgment in favor of the diverse defendant.[122]

Here, the Court is not persuaded that the exception to the general rule recognized in *Hain* should apply. Under that exception, a jurisdictional defect is potentially curable before entry of final judgment. But the *Hain* court itself did not apply that exception, reasoning that a district court cannot "create jurisdiction through its own mistakes."[123] When the Fifth Circuit held that the district court's dismissal of the non-diverse defendant was erroneous, that interlocutory order merged into the final judgment: "When the Fifth Circuit reversed the District Court's error, it restored [the non-diverse defendant] to the case and correctly held that the jurisdictional defect had not been cured."[124]

On review by the Supreme Court, neither party in *Hain* contested the Fifth Circuit's reversal of the district court's dismissal of the non-diverse defendant. The case presupposed that the dismissal of the non-diverse defendant was improper, such that there was no federal diversity jurisdiction.[125] *Hain* reasoned that a district court cannot enter judgment if it "lacked jurisdiction over the case when it was filed in or removed to federal court[.]"[126] If anything, the Court finds the opinion

---

[122] *Id.* at 434.

[123] *Id.* at 431.

[124] *Id.* at 431.

[125] *Id.* at 427–28.

[126] *Id.* at 428.

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 27 of 29
Case 3:22-cv-00171-SLG    Document 133    Filed 07/30/26    Page 27 of 29

persuasive in favor of Plaintiffs.  *Hain* emphasized and reiterated that it is the plaintiffs who have the right to choose whether their case is litigated in federal or state court.[127]  And although *Hain* states that under the "one exception to the general rule," a court may "cure" a jurisdictional defect, that argument must be properly presented to that court, which here, would mean Defendants raising the fraudulent joinder argument in their July 2022 Notice of Removal in accordance with 28 U.S.C. § 1446(a).

Based on the foregoing reasons, the Court finds that Defendants' assertion that SBS was fraudulently joined in this action was not timely raised in JELD-WEN's July 2022 Notice of Removal and is therefore waived.

## IV.      Remaining Arguments

Because JELD-WEN and SBS waived their right to raise fraudulent joinder as a basis to establish federal subject matter jurisdiction, the Court does not address the merits of Defendants' fraudulent joinder claim.  There being no other basis asserted for subject matter jurisdiction at this time, remand to the state court is required.[128]

---

[127] *Id.* at 433 (internal quotations omitted) (quoting *Royal Canin*, 604 U.S. at 35) ("The plaintiff is the master of the complaint, and generally has the right to choose whether to proceed in federal or state court.").

[128] *See Walker*, 158 F.4th at 983 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (quoting 28 U.S.C. § 1447(c))).

Case No. 3:22-cv-00171-SLG, *Faulk, et al. v. JELD-WEN, Inc., et al.*
Order Remanding Action
Page 28 of 29
Case 3:22-cv-00171-SLG     Document 133     Filed 07/30/26     Page 28 of 29

## CONCLUSION

For the foregoing reasons, Defendants JELD-WEN, Inc. d/b/a Pozzi Window Company and Pozzi Window Company and Roderick C. Wendt's Motion in Response to Court Order [Dkt. 104] Regarding Subject Matter Jurisdiction at Docket 106 and SBS's Motion in Response to Court Order re Subject Matter Jurisdiction at Docket 113 are both **DENIED**. This case is **REMANDED** to the Superior Court for the State of Alaska, Third Judicial District at Anchorage. The Clerk of Court shall enter a final judgment accordingly.

DATED this 30th day of July, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE